[No. 2,390.]

CYRIL V. GREY AND J. R. BRANDON v. HIRAM
TUBBS.

CONTRACTS.—Courts of equity have not the power to make contracts for
parties, nor alter those which have been deliberately made.

CONTRACT TO CONVEY LAND.—If, in a contract for the sale and conveyance
of land, it is provided that the purchaser shall pay certain sums at specified
times, and that, if he fails to do so, the seller shall be released from all his
obligations in law or equity to convey the premises, and the purchaser
shall perfect his right to a conveyance, and the purchaser makes default in
his payments, without excuse, a Court of equity will not enforce the con-
tract against the seller.

IDEM.—In such contract the parties have made time essential in performing
the conditions of the contract, and Courts of equity will not inquire into
their motive for doing so.

APPEAL from the District Court of the Fourth Judicial
District, City and County of San Francisco.

The following is the contract for the sale of land, referred
to in the opinion. An action was commenced on the 4th
day of January, 1869, to enforce a specific performance of
the contract. Wright assigned the contract to the plaintiffs
on the 27th day of November, 1868:

"Article of agreement made and entered into the 1st day
of July, 1867, between Hiram Tubbs, party of the first part,
and Horace Wright, both parties of the Town of Clinton,
Alameda County, State of California, of the second part, in
the manner following:

"That the said party of the first part, for the considera-
tion hereinafter expressed, hereby agrees to sell unto the
said party of the second part a certain parcel of land in the
Town of Clinton, in block number (105) one hundred and
five, commencing fifty feet from the corner of Jones and
Lacy streets, on Jones street; and thence along Jones street
one hundred feet; and thence parallel with Lacy street one
hundred and fifty feet; and thence parallel with Jones street

one hundred feet; and thence parallel with Lacy street one hundred and fifty feet, to Jones street, the place of beginning; the same being a lot of land one hundred by one hundred and fifty feet, in block number one hundred and five, as per official map of the Town of Clinton, recorded at San Leandro, Alameda County, State of California, for the sum of four hundred United States gold dollars, which the said party of the second part hereby agrees to pay to the said party of the first part, as follows: Four hundred dollars on or before July 1st, 1870, with interest at the rate of one per cent per month, payable quarterly, in advance, on the first days of January, April, July, and October of each year till paid. Principal and interest payable in United States gold coin. And the said party of the second part agrees to pay all State, city, and county taxes, or assessments of whatsoever nature, which are or may become due on account of above mentioned. In the event of failure to comply with the terms hereof by the party of the second part, the party of the first part shall be released from all obligations in law or equity to convey said property, and said party of the second part shall forfeit all right thereto. And the said party of the first part, on receiving such payment at the time and in the manner above mentioned, shall execute and deliver to the said party of the second part, or to his assigns, a proper deed. And it is understood that the stipulations aforesaid are to apply to and bind the heirs, executors, administrators, and assigns of the respective parties.

"In witness whereof the parties to these presents have hereunto set their hands and seals the day and year above written."

The Court below gave judgment in favor of the plaintiff, and the defendant appealed.

The other facts are stated in the opinion.

*Campbell, Fox & Campbell,* for Appellant.

While there are many cases where time is not in equity held to be of the " essence of the contract," yet the parties by their express agreement may make it so, and in such case equity will not change the agreement to benefit either party, but will leave them to their legal remedy. (Fry on Spec. Perf. of Contracts, Sec. 710.)

Time is originally of the essence of the contract in view of a Court of equity, whenever it appears to have been the real intention of the parties that it should be so, etc. (*Potter* v. *Tuttle,* 22 Conn. 512; *Benedict* v. *Lynch,* 1 John. Ch. 319; *Colslake* v. *Tell,* 1 Russell, 375; *Bodine* v. *Gladding,* 21 Penn. 54; *King* v. *Wilson,* 6 Beaver R. 124; *Brown* v. *Covillaud,* 6 Cal. 571; *Pearis* v. *Covillaud,* 6 Cal. 617; *Green* v. *Covillaud,* 10 Cal. 317; *Webber* v. *Marshall,* 19 Cal. 447.)

*Grey & Brandon,* for Themselves.

The result in equity of a contract of sale is, that the thing sold becomes the property of the purchaser, and the purchase money the property of the vendor, and the vendor holds the estate in trust for the purchaser subject to the payment of the purchase money. · (Story's Equity Jurisprudence, Vol. II, Sec. 790; Dart's Vendors and Purchasers, *114; Fry on Specific Performance, *377; Hilliard on Vendors, 6, 7.)

In the case at bar, therefore, the defendant held the estate in trust, subject to the payment of the purchase money, four hundred dollars, on or before July 1st, 1870, with interest.

The money and a deed for execution were tendered in December, 1868.

The question of the hardship of a contract (which is to prevent its enforcement) is to be judged of at the time it was entered into; if it be then fair and just, it will be immaterial

that it may, by the force of subsequent circumstances and a change of events, have become less beneficial to one party, except where those subsequent events have been in some way due to the party who seeks the performance of the contract. (Fry on Specific Performance, *116, 107, 119.)

Equity discriminates between those terms of the contract which are formal, and a breach of which it would be inequitable in either party to insist on as a bar to the other's rights, and those which are of the substance and essence of the agreement, and applies to contracts those principles which have governed its interference in relation to mortgages. (Fry on Specific Performance, *312.)

By the Court, RHODES, J.:

The contract of sale which the plaintiffs, who are the assignees of the purchaser, seek to have specifically enforced, provides that the interest on the purchase money shall be paid quarterly in advance, on the first days of January, April, July, and October. The principal sum was to be paid on or before July 1st, 1870—three years from the date of the contract. The interest up to January 1st, 1868, was paid in advance, but the interest for the next quarter was not tendered until the last day of February, 1868. The defendant refused to receive the money and stated to the purchaser that he had forfeited his contract. The plaintiff, in December, 1868, before the commencement of the action, tendered to the defendant the principal sum and all the interest then due, according to the terms of the contract.

The fact that the purchaser did not tender the amount which became due on the first of the two quarters succeeding January 1st, 1868, is not material; for if a Court of equity can excuse the delay in tendering the money which became due on the last mentioned day, the failure to tender the

interest for the next two quarters at the times mentioned in the contract is, under the circumstances, readily excusable.

The contract contains the following covenant: "In the event of failure to comply with the terms hereof by the party of the second part [the purchaser] the party of the first part shall be released from all obligations, in law or equity, to convey said property, and said party of the second part shall forfeit all right thereto." The plaintiffs rely upon the rule which has so frequently been applied by Courts of equity, that time is not of the essence of the contract, or as it is better expressed by Parsons in his excellent work on Contracts, that time is not necessarily of the essence of a contract. The defendant, while denying the applicability of the rule to contracts for the sale of property of the character of that in controversy—city or town lots—particularly in this State, where such property is as marketable and as subject to fluctuations in value, and is bought and sold with the same facility as personal property, yet he relies more upon a necessary qualification of the rule: which is that time is of the essence of a contract, if it be made so by the parties themselves, or by the circumstances of the case. He insists that the clause of the contract above cited, shows that the parties intended that the time for the performance of the contract on the part of the purchaser should be material, and of the essence of the contract. The parties agreed that a failure on the part of the purchaser "to comply with the terms hereof"—that is to say, to pay the money according to the terms of the contract—should operate as a release of the vendor from all obligation to convey the premises to the purchaser or his assignees; and to make the matter still clearer, and to show that the parties intended to make time essential, it was agreed that such failure should release him from all obligation "*in law or equity*" to convey the premises. The parties further agreed—as if to place the matter beyond all doubt—that in case of such failure on the part of

the purchaser he should *forfeit all right* to a conveyance. It would be difficult to express with greater clearness and certainty, than the parties did in this contract, that time is of the essence of the contract, except it were done by the insertion of those very words in the instrument. Courts of equity have not the power to make contracts for parties, nor to alter those which the parties have deliberately made; and whenever it appears that the parties have *in fact* contracted, that if the purchaser make default in the payments, as agreed upon, he shall not be entitled to a conveyance, and shall lose the benefit of his purchase; and when it also appears that the purchaser is without excuse for his delay, the Courts will not relieve him from the consequences of his default. They will not inquire into the motive or the sufficiency of the motive that induced the parties to contract, that time should be essential in the performance of any of the agreements contained in the contract of purchase; but if it appears that the parties have thus contracted, the Courts of equity will not disregard the contract in order to give effect to some vague surmise, that all that the vendor intended to secure by the contract, was the payment of the purchase money, with interest, at some indefinite time.

Judgment reversed, and cause remanded for a new trial.

Mr. Justice CROCKETT did not sit in this case.