[No. 12843. Department One. — June 9, 1890.]

## MICHAEL CLEARY, APPELLANT, v. J. A. FOLGER, JR., RESPONDENT.

CONTRACT OF SALE — DEPENDENT COVENANTS — TIME OF ESSENCE — MUTUAL FAILURE TO PERFORM — SPECIFIC PERFORMANCE. — When a contract for the sale of land provides for a cash payment as a forfeit, and for the execution of a deed upon the payment of a second installment of purchase-money at a date fixed and of a mortgage from the purchaser for the residue, and by its terms makes time of the essence of the contract, the covenants to pay the second installment and to execute the deed are mutual and dependent, and if neither party tenders performance on his part, or demands performance from the other, at the date fixed, the contract is at an end, and cannot thereafter be enforced by either party.

ID. — FORFEITURE OF CASH PAYMENT. — The provision in the contract for the payment of the first installment in cash "as a forfeit" is to be construed as making such payment in the nature of liquidated damages, if the purchaser should fail to comply with his agreement at the time fixed.

ID. — FORFEITURES NOT FAVORED. — Forfeitures, as such, are not favored by the courts, and are never enforced if they are couched in ambiguous terms, and it is not perfectly clear what the intentions of the parties were with reference to the forfeiture.

ID. — RECOVERY BACK OF CASH PAYMENT — MONEY HAD AND RECEIVED — RECOUPMENT OF DAMAGES. — The contract having come to an end by the mutual failure of both parties to perform, the money so paid "as a forfeit" remains in the hands of the vendor as money had and received to the use of the purchaser, subject to be recovered by him, less the amount of damages which the vendor may recoup for the failure of the purchaser to complete the purchase.

ID. — PLEADING FOR RECOUPMENT OF DAMAGES. — In order to recoup such damages, they must be specially pleaded in the action to recover the money received.

ID. — EVIDENCE — JUDGMENT UPON CROSS-COMPLAINT FOR SPECIFIC PERFORMANCE. — In an action to recover back the money so paid, a judgment rendered upon a cross-complaint for a specific performance of the contract, against the defendant's right to compel such performance, by reason of the mutual failure of the parties to perform dependent covenants, is not competent evidence in favor of the plaintiff, as it does not tend to determine the question as to what was to become of the money designated in the contract "as a forfeit."

APPEAL from a judgment of the Superior Court of Alameda County, and from an order denying a new trial.

The facts are stated in the opinion.

*B. McFadden,* for Appellant.

*R. M. Fitzgerald,* for Respondent.

FOOTE, C. — This was an action to recover the sum of nine hundred dollars, alleged to have been received by the defendant for the plaintiff's use. The court below, upon the evidence offered by the plaintiff, granted the motion of nonsuit made by the defendant. From the judgment thereupon rendered, and an order denying a new trial, this appeal is taken.

The facts of the case are, that the two parties to the action entered into a contract, which is as follows: —

"This agreement, made and entered into this twenty-second day of August, in the year of our Lord one thousand eight hundred and eighty-seven, between J. A. Folger, the party of the first part, and Michael Cleary, the party of the second part, witnesseth, that the said party of the first part, in consideration of the covenants and agreements on the part of the said party of the second part hereinafter contained, agrees to sell and convey unto the said party of the second part, and said second party agrees to buy, all the certain lot or parcel of land situate in Brooklyn township, county of Alameda, and state of California, and bounded and particularly described as follows, to wit: A tract of land containing seven and one quarter ($7\frac{1}{4}$) acres, more or less, on the southeasterly side of the county road, the said road being the first road running north from Hopkins Street after leaving Fruitvale Avenue, going toward the east, now known as the Thorne property, adjoining the lands of Mr. Welsh and Mr. Rhoda, for the sum of $9,425, gold coin of the United States; and the said party of the second part, in consideration of the premises, agrees to pay, at the times and in the manner hereinafter mentioned, to the said party of the first part, the

sum of $9,425, gold coin, as follows, to wit: $900 in gold coin as forfeit; $4,100 in gold coin on or before September 6, 1887; the balance due of purchase, namely, $4,425, on mortgage at eight per cent per annum.

"And the said party of the second part agrees to pay all state and county taxes or assessments, of whatsoever nature, which may become due on the premises above described.

"In the event of a failure to comply with the terms hereof by the said party of the second part, the said party of the first part shall be released from all obligations, in law or equity, to convey said property, and said party of the second part shall forfeit all right thereto. And the said party of the first part, on receiving such payment, at the time and in the manner above mentioned, agrees to execute and deliver to the said party of the second part, or to his assigns, a good and sufficient deed conveying said land free and clear of all encumbrances made, done, or suffered by the said party of the first part.

"And it is understood that the stipulations aforesaid are to apply to and bind the heirs, executors, administrators, and assigns of the respective parties, and that time is of the essence of this contract.

"In witness whereof, the said parties to these presents have hereunto set their hands and seals the day and year first above written.

[SEAL.]                        "J. A. FOLGER, JR.
[SEAL.]                        "MICHAEL CLEARY.

"Signed, sealed, and delivered in the presence of
                                "W. K. MOCKBEE."

Indorsed: "Filed December 8, 1887.
            "CHARLES T. BOARDMAN, County Clerk.
        "By ROBERT EDGAR, Deputy Clerk."

On the 12th of September, 1887, the plaintiff notified the defendant in writing that he rescinded the contract,

and he demanded back the nine hundred dollars, which, under the terms of the contract, had been paid over and designated as " a forfeit."

Up to that time neither the plaintiff had tendered the payment of the balance of the purchase-money, nor the defendant a deed, etc., to the premises.

Upon this, the defendant failing to pay back the deposit, the plaintiff institutes this action. The defendant answered and filed a cross-complaint, the object of which last was to force the plaintiff to comply specifically with the contract, and pay the balance of the purchase-money upon the defendant's making a good and sufficient conveyance of title, etc., to the premises.

The court below seems to have decided against the defendant on his cross-complaint, evidently upon the theory that he could not enforce a mutual and dependent covenant of the plaintiff without having on his, the defendant's, part, tendered a deed at the date fixed in the contract, and demanded payment of the installment due, but does not seem to have determined anything with reference to the right of the plaintiff to recover back the nine hundred dollars sued for.

Neither the balance of the purchase-money was tendered on the sixth day of September, 1887, by the plaintiff, or a deed by the defendant, or demand made of payment of the installment due. So far, then, as the further carrying out of the agreement was concerned, time being of the essence of the contract, each side had neglected to perform its part of the agreement necessary to consummate the contract, and it was at an end. The plaintiff could not be forced to pay the balance of the purchase-money, as no deed had been tendered him or installment due demanded. (*Bohall* v. *Diller*, 41 Cal. 535.) The defendant was no longer obliged to make a deed to the premises conveying a good and sufficient title, as the balance of the purchase-money was not tendered (*Englander* v. *Rogers*, 41 Cal. 421); so that the

material question is left to be determined, whether or
not the plaintiff, upon this state of facts, is entitled to
recover from the defendant, as money in his hands held
for plaintiff's use, the nine hundred dollars which he
deposited with the defendant on the inception of the
contract as "a forfeit."

Time was undoubtedly of the essence of the contract,
under the rule laid down in *Grey* v. *Tubbs*, 43 Cal. 364,
in construing such a contract as the one in hand. In
that case this covenant was contained in the contract:
"In the event of failure to comply with the terms hereof
by the party of the second part [the purchaser], the
party of the first part shall be released from all obliga-
tions, in law or equity, to convey said property, and said
party of the second part shall forfeit all right thereto."

In the present case the language is: "In the event of
a failure to comply with the terms hereof by the said
party of the second part [the purchaser], the said party
of the first part shall be released from all obligations, in
law or equity, to convey said property, and said party of
the second part shall forfeit all right thereto."

In *Grey* v. *Tubbs*, 43 Cal. 364, it was said of the lan-
guage above quoted from the contract construed in that
case: "It would be difficult to express with greater clear-
ness and certainty than the parties did in this contract
that time is of the essence of the contract, except it were
done by the insertion of those very words in the instru-
ment. Courts of equity have not the power to make
contracts for parties, nor to alter those which the par-
ties have deliberately made; and whenever it appears
that the parties have *in fact* contracted that if the pur-
chaser make default in the payments as agreed upon, he
shall not be entitled to a conveyance, and shall lose the
benefit of his purchase, and when it also appears that
the purchaser is without excuse for his delay, the courts
will not relieve him from the consequences of his de-
fault."

Forfeitures, as such, are not favored by the courts, and are never enforced if they are couched in ambiguous terms. It is not perfectly certain what the intentions of the parties to this contract were with reference to the nine hundred dollars paid as *a forfeit*, but construing it with reference to the second clause of the agreement, which we have quoted, and compared with that contained in *Grey* v. *Tubbs, supra*, it appears as if it was intended to be in the nature of liquidated damages, if the purchaser should fail, after the contemporaneous tender of a deed to him of the land, and demand of payment of the installment due, etc., to comply with his part of the agreement.

Now, as both parties have failed to comply with their part of the agreement, and, as we have seen, time being of the essence of the contract, the contract is at an end, the nine hundred dollars remain in the hands of the defendant as money had and received from the plaintiff, subject to be recovered by the plaintiff, less the amount of damages which the defendant may show for the failure of the plaintiff to complete the purchase.

The agreements of the parties were reciprocal, and to be performed, or offered to be performed, contemporaneously at a certain stated time. Both have failed to offer to perform; and if any damage has been done by the plaintiff, the defendant may recoup for it in an action brought to recover the nine hundred dollars, which reverts to the plaintiff as money held by the defendant for his use. The pleadings as they now stand do not admit of this determination, but the defendant, on a retrial, may reform his pleading so as to raise that issue.

We perceive no error in the ruling of the court upon the introduction of the judgment roll in the matter of the cross-complaint. It did not tend to show any determination of the question as to what was to become of the nine hundred dollars, designated as "a forfeit."

The other points raised it is unnecessary to notice,

but, for the reasons above given, we advise that the judgment and order be reversed, with leave to the defendant, within a reasonable time, to frame his pleading as heretofore indicated.

GIBSON, C., and VANCLIEF, C., concurred.

The COURT. — For the reasons given in the foregoing opinion, the judgment and order are reversed, with leave to the defendant within a reasonable time to frame his pleading as indicated therein.