[No. 13758. Department Two. — January 5, 1891.]

A. M. DREW, RESPONDENT, v. A. J. PEDLAR ET AL., APPELLANTS.

VENDOR AND PURCHASER — CONTRACT OF SALE — FORFEITURE — RESCISSION — RECOVERY OF PURCHASE-MONEY. — Where a contract for the sale of land provided for a forfeiture of all right to a conveyance, and that the purchase-money paid should be as liquidated damages, in case of non-fulfillment of the terms of future payment by the purchaser, and it appears that full payment of the residue of the purchase-money was tendered and a deed demanded ten months after maturity, and that the vendors refused to accept the tender, or to return the purchase-money paid, and elected to rescind the agreement, the purchaser may maintain an action to recover from the vendors the installment of purchase-money paid.

ID. — ACTION TO RECOVER PURCHASE-MONEY — PLEADING — ELECTION OF VENDOR TO RESCIND — RECOUPMENT OF DAMAGES — JUDGMENT ON PLEADINGS. — If in such action the vendors do not deny the allegation of the complaint that they elected to rescind the contract upon the breach thereof by the plaintiff, and do not seek to recoup any actual damages for the breach from the amount of the purchase-money received, or deny any material averments of the complaint, the plaintiff is entitled to judgment on the pleadings for the recovery of the sum paid to the vendors.

ID. — LIQUIDATED DAMAGES — VOID STIPULATION — CONSTRUCTION OF CODE. — The stipulation in the contract that the purchase-money paid should be taken as liquidated damages for the breach of the contract by the purchaser is void under sections 1670 and 1671 of the Civil Code, it not

| | |
|---|---|
| 87 | 443 |
| 90 | 179 |
| 87 | 443 |
| 95 | 259 |
| 95 | 338 |
| 95 | 575 |
| 87 | 443 |
| 96 | 105 |
| 87 | 443 |
| 97 | 337 |
| 87 | 443 |
| 99 | 261 |
| 99 | 683 |
| 87 | 443 |
| 100 | 78 |
| 87 | 443 |
| 103 | 293 |
| 87 | 443 |
| 123 | 4 |
| d123 | 13 |
| 123 | 19 |
| 87 | 443 |
| d125 | 567 |

being impracticable or at all difficult to fix the actual damage to the vendors, the measure of which is definitely fixed by section 3307 of the Civil Code as the excess of the agreed price, if any, over the value of the property to the vendors.

Id. — Judgment on Pleadings — Cross-complaint — Cancellation of Contract. — A cross-complaint by the vendors, seeking the cancellation of an unacknowledged and unrecorded contract of sale as a cloud upon their title, and not offering to refund the purchase-money received, does not entitle them to any affirmative relief, other than that given by a judgment on the pleadings in favor of the plaintiff for a recovery of the purchase-money paid, it being conclusively established by the admissions of the pleadings and by the judgment that the agreement had been rescinded and annulled by the parties.

Id. — Pleading — Denial of Indebtedness — Conclusion of Law. — The denial of indebtedness of the defendants to the plaintiff is a denial of a conclusion of law, and when inconsistent with admitted facts, cannot avail to prevent a judgment for the plaintiff on the pleadings.

Id. — Demand. — No demand before suit is necessary to be made or alleged in the complaint in an action to recover purchase-money paid under a contract of sale which the defendants have elected to rescind.

Id. — Setting Aside Judgment on Pleadings — Discretion — Amended Answer — Default of Plaintiff — Rescission. — It is not an error or abuse of discretion to refuse to set aside a judgment on the pleadings for the recovery of the purchase-money upon the proffer of an amended answer which does not deny the rescission of the contract of sale, but only shows that the plaintiff was first in default, by refusing to accept the tender of a deed or to pay the purchase-money.

Appeal from a judgment of the Superior Court of Fresno County, and from an order denying a motion to set aside the judgment.

The facts are stated in the opinion of the court.

*R. B. Terry*, and *C. W. Thomas*, for Appellant.

*J. R. Webb*, and *F. H. Short*, for Respondent.

Vancliff, C. — On the twentieth day of April, 1888, the parties to this action entered into a written agreement whereby the defendants agreed to sell and the plaintiff to purchase three lots of land in the town of Fresno at the price of twelve thousand five hundred dollars, to be paid as follows: One thousand dollars upon the execution of the agreement, seven thousand five hun-

dred dollars within sixty days from the date of the agreement, and to assume and pay a mortgage of four thousand dollars to Robert B. Thompson, and also to pay the interest on the mortgage and all taxes thereafter to become due on the land. The agreeement also contains the following provision:—

"In the event of the failure to comply with the terms hereof by the said party of the second part, the parties of the first part shall be released from all obligation in law or equity to convey said property, and said party of the second part shall forfeit all right thereto, and all money paid thereon shall be as liquidated damages for the non-fulfillment hereof by the party of the second part. And the said parties of the first part, on receiving such payments at the time and in the manner above mentioned, agree to execute and deliver to the said party of the second part, or to his assigns, a good and sufficient deed conveying the said land free and clear of all encumbrances made, done, or suffered by the said parties of the first part, except as above specified.

"And it is understood that the stipulations aforesaid are to apply to and to bind the heirs, executors, and administrators and assigns of the respective parties, and that time is of the essence of this contract."

The plaintiff paid one thousand dollars upon the execution of the agreement, but failed to pay the seven thousand five hundred dollars when the same became due, and never offered to pay the same or any part thereof until the twenty-fourth day of April, 1889 (about ten months after maturity), when he tendered full payment, and demanded a deed for the land. The defendants then refused to accept payment or to execute a deed, and also refused to refund to plaintiff the one thousand dollars paid by him upon the execution of the agreement, and elected to rescind the agreement. Thereupon the plaintiff commenced this action to recover the one thousand dollars paid by him upon the execution of

the agreement, formally alleging in his complaint the facts above stated.

The defendants filed an amended answer, in which they expressly admit the execution of the contract and the payment of one thousand dollars as alleged in the complaint, but allege that they have performed their part of the contract, and that plaintiff failed and refused to pay the seven thousand five hundred dollars, or any part thereof, when the same became due, and that he abandoned the contract. They admit, however, that plaintiff made the tender of payment and demand for a deed on April 24, 1889, as alleged in the complaint. They further "allege that on the failure of plaintiff to perform his said covenants, they treated the one thousand dollars heretofore paid as forfeited, and said contract as abandoned by the plaintiff, and annulled, and that they converted the said one thousand dollars to their own use."

They further allege that " the said property had greatly increased in value between June 20, 1888, and April 24, 1889; that said increase was of the value of two thousand dollars."

They " deny that they are indebted to plaintiff in any sum, or that plaintiff has sustained any damage by reason of any act of defendants, or either of them."

To this answer the defendants added a cross-complaint, in which they set out the agreement; allege the payment of the one thousand dollars, the performance thereof on their part, the failure and refusal of the plaintiff to perform on his part, except as to the payment of the one thousand dollars; " that defendants are the owners and in possession of the land described in said contract; that said contract is a cloud upon defendants' title to said land "; and praying that the contract be declared void and of no effect, and that it be canceled, and for such further relief as they may be entitled to.

Upon due notice, plaintiff's counsel moved for judg-

ment on the pleadings. At the time appointed, counsel for the respective parties appeared, and plaintiff's counsel argued the motion, and it was submitted on briefs to be thereafter filed, but defendants' counsel failed to file any brief.

Some time after the expiration of the time agreed upon and allowed for filing briefs, to wit, on October 12, 1889, the court rendered judgment for the plaintiff for one thousand dollars, and interest thereon from April 24, 1889, and costs.

Thereafter, upon due notice, defendants' counsel moved the court to set aside the judgment, on the grounds,— 1. That the complaint does not state facts sufficient to constitute a cause of action; 2. That no written findings of facts were filed or made; 3. That material allegations of the complaint were denied; 4. That no answer was made to the cross-complaint; 5. That the answer stated new matter constituting a defense to the action.

At the same time, defendants' counsel made another motion to vacate the judgment, on the ground " that said judgment was made and entered against defendants through their mistake, misadvertence, and excusable neglect."

This motion was made on affidavits, in connection with which they proffered a draught of a second amended answer which they proposed to file in case the judgment should be set aside.

The following are the affidavits upon which the motion was made: —

" R. B. Terry, being first duly sworn, deposes and says that he is now, and at all times since the defendants have appeared in this action, their attorney in said matter; that when the motion heretofore made by plaintiff for judgment upon the pleadings herein was ordered submitted by the court upon briefs thereafter to be filed by counsel for plaintiff, and briefs of defendants in reply thereto, affiant, upon receiving the briefs of counsel for

plaintiff, was unable to find in the city of Fresno the authorities upon which his answer to said brief would be made, and that upon an examination of said authorities at hand, affiant determined that in order that the case should be fully determined upon its merits, that he would ask leave of the court to file a second amended answer; that so intending, he did not answer such brief.

" R. B. Terry."

" A. J. Pedlar, being first duly sworn, deposes and says that he is one of the defendants in the above-entitled action; that the judgment herein entered on the twelfth day of October, 1889, was entered through mistake, inadvertence, surprise, and excusable neglect, and was shown in the affidavit of R. B. Terry, filed herewith.

"Affiant further says that he has fully and fairly stated the case in this action to his said counsel, R. B. Terry, who resides in the county of Fresno, state of California, and after such statement, is advised by said R. B. Terry that he has a good and substantial defense on the merits of the action, and thoroughly believes the same to be true.                    A. J. Pedlar."

The proffered amended answer contained two averments in addition to the first amended answer, to the effect, — 1. That defendants had tendered to plaintiff a sufficient deed for the lots on the twentieth day of June, 1888, and at the same time demanded payment of the sum of $7,500, which, by the terms of the agreement, the plaintiff was to pay "on or before sixty days from the date" of the agreement; but that plaintiff then refused to pay said sum, or any part thereof, and thereby released the defendants from all obligations under said agreement, and thereby also released all claim to the $1,000 theretofore paid by him; and 2. That between April 20, 1888, and April 24, 1889, certain taxes and assessments amounting to $114.65 were levied upon said lots, and became due and payable, and that plaintiff never paid nor tendered them, or any part thereof, and that

defendants were compelled to pay a street assessment of forty-five dollars.

The proffered answer also contained the following, which was not in the first amended answer: "Defendants deny that they, or either of them, elected to rescind said contract of sale in complaint mentioned, or that they did rescind the same, but, on the contrary, allege that plaintiff rescinded said contract and every portion thereof long prior to the twenty-fourth day of April, 1889."

The court denied the motion to set aside the judgment; and the defendants appeal from the judgment, and also from the order denying their motion, upon the judgment roll containing their bill of exceptions.

1. I think there was no error in rendering judgment on the pleadings. It clearly appears that the contract was rescinded long before the commencement of the action, and that it was so considered by both parties. Time was of the essence of the contract. Plaintiff failed to pay the seven thousand five hundred dollars on or before June 20, 1888, according to the agreement, and did not tender payment thereof until April 24, 1889, when the defendants refused to accept it and execute a deed, on the ground that plaintiff had abandoned and annulled the contract by failing to tender payment within the stipulated time,— sixty days. They say in their answer that, upon the failure of plaintiff to pay according to the terms of the contract, they treated the contract as abandoned and annulled by plaintiff, and the one thousand dollars paid as forfeited, and they do not deny the averment in the complaint that they "elected to rescind said contract of sale."

From the time defendants refused to accept payment and execute a deed (April 24, 1889), the plaintiff has considered the contract rescinded, and bases this action partly upon that ground, his complaint stating facts from which a rescission is a necessary inference. Under these circumstances, the plaintiff was entitled to recover the one

thousand dollars paid by him, less such actual damages as may have been sustained by the defendants by plaintiff's breach of the contract (*Grey* v. *Tubbs*, 43 Cal. 364; *Cleary* v. *Folger*, 84 Cal. 316); but such damages cannot be recouped in this action, for the reason that none such has been pleaded. (*Grey* v. *Tubbs*, 43 Cal. 364; *Cleary* v. *Folger*, 84 Cal. 316.)

Counsel for appellants contend, however, that his clients are entitled, under the express stipulation of the contract, to retain the one thousand dollars paid as *liquidated damages;* whereas respondent's counsel claim that the stipulation as to liquidated damages is void. This is the principal issue presented for decision. I think the stipulation is void, under the following sections of the Civil Code:—

" Sec. 1670. Every contract by which the amount of damage to be paid, or other compensation to be made, for a breach of an obligation, is determined in anticipation thereof, is to that extent void, except as expressly provided in the next section.

" Sec 1671. The parties to a contract may agree therein upon an amount which shall be presumed to be the amount of damage sustained by a breach thereof, when, from the nature of the case, it would be impracticable or extremely difficult to fix the actual damage."

It appears, from the nature of the contract under consideration, that it would not be impracticable or at all difficult to fix the actual damage in this case, since section 3307 of the Civil Code provides a rule by which the damage, in all cases of this kind, may be measured and definitely fixed, as follows: " The detriment caused by the breach of an agreement to purchase an estate in real property is deemed to be the excess, if any, of the amount which would have been due to the seller, under the contract, over the value of the property to him." That is, the excess of the agreed price over the value of the property to the party who agreed to sell.

In Field on Damages, sec. 508, the rule is stated as follows: "The general rule of damages on failure of the vendee to take the property purchased, and pay for the same, would be the actual loss sustained by the vendor thereby; which would ordinarily be the difference between the actual contract price and the actual value of the land at the time of the breach, if the property shall have declined in value." (See also *Eva* v. *McMahon*, 77 Cal. 467.)

The defendants not only failed to plead any damages to them, but alleged in their answer an increase of two thousand dollars in the value of the property between the default of the plaintiff and their refusal to accept payment and execute a deed; and as it does not appear that plaintiff ever had possession of the property, but does appear that defendants were in possession at the time they answered, they can claim nothing for use and occupation.

No material averment of the complaint was denied. The denial of indebtedness was but a conclusion of law inconsistent with the admitted facts.

The defendants were not entitled to any affirmative relief upon their cross-complaint which they have not obtained by the judgment on the pleadings. Both the complaint and answer admitted that the agreement had been rescinded and annulled by the parties; and as the judgment on the pleadings partly rests upon that fact, it is conclusive evidence of the fact.

The agreement was not recorded, and not being acknowledged, was not entitled to record. Besides, the cross-complaint does not offer to refund the money, or any part thereof, admitted to have been received by the defendants under the contract. (*Bohall* v. *Diller*, 41 Cal. 533.)

It is urged that the complaint fails to state a cause of action, in that no demand is alleged. The action is to recover money had and received by defendants to the

use of the plaintiff, and it is alleged the defendants "refused and still refuse to pay to plaintiff said sum of one thousand dollars, or any part thereof." The answer admits the receipt of the money, and alleges that defendants "converted the said one thousand dollars to their own use."

From the time the defendants elected to rescind the contract, or to consider and treat it as rescinded, it was their duty to refund the money they had received under the contract, and no demand before suit was necessary. (*Quimby* v. *Lyon*, 63 Cal. 394.)

2. It does not appear that there was any error or abuse of the discretion of the court in overruling the defendants' motion to set aside the judgment, and counsel for appellants has not urged this point here. The averment in the proffered answer that defendants tendered to plaintiff a deed on the twentieth day of June, 1888, and demanded payment, etc., only shows that plaintiff was first in default. It does not change or dispute the fact that both parties considered and treated the contract as rescinded, as above stated, and had it been inserted in the answer on which the judgment was rendered, the plaintiff would still have been entitled to judgment on the pleadings.

I think the judgment and order should be affirmed.

FOOTE, C., and BELCHER, C., concurred.

The COURT. — For the reasons given in the foregoing opinion, the judgment and order are affirmed.

Hearing in Bank denied.