## PHELPS v. BROWN et al.*

### No. 13,277; August 7, 1891.

#### 27 Pac. 420.

**Vendor and Vendee—Rescission—Refunding Deposit.**—Plaintiff agreed with one N. and wife to exchange lands, and advanced $500 of the purchase price. N. gave a receipt for the money, and indorsed thereon: "Trade to be finished within two weeks from this date, or this deposit to be forfeited without recourse. Title to prove good, or no sale, and this deposit to be returned." An attachment against plaintiff's husband had been levied on her property, which she refused to procure discharged. N. abandoned the trade, and returned the money to defendants, who had negotiated the exchange of lands for N. Held, that the deposit remained in the hands of defendants as money had and received to plaintiff's use.

APPEAL from Superior Court, Santa Clara County; John Reynolds, Judge.

S. G. Phelps sued J. E. Brown and others to recover money had and received for plaintiff's use. Judgment for defendants and plaintiff appeals. Reversed.

T. H. Laine and Laine & Hatch for appellant; Crandall & Biddle for respondents.

BELCHER, C.—It appears from the findings in this case that in June, 1887, one Norton and wife owned a tract of land

---

*For subsequent opinion in bank, see 95 Cal. 572, 30 Pac. 774.

in Santa Clara county, which was encumbered by a mortgage for $9,000, and the plaintiff, a married woman, owned a house and lot in the city of San Jose. The Nortons wished to exchange their land for the lot of plaintiff, and to negotiate the exchange they employed the defendants, who were real estate agents doing business in San Jose as partners under the firm name of Brown & Ensign, and orally agreed to pay them $500 as a commission if the exchange should be made. The proposition of the Nortons was that they would convey their land to the plaintiff for $20,000. and in payment thereof she should assume and pay the mortgage on the land, and should convey her lot to them for $6,500, and pay to them the balance of $4,500 in cash when the deeds should be executed. This proposition was put in writing and given to the defendants, and they delivered it to the plaintiff. She was willing to accept the proposition and make the trade if she could realize $6,750 for her lot, and not otherwise. The defendants then agreed to pay her $250 out of their commissions when the trade should be consummated. This arrangement was satisfactory, and she thereupon drew her check on a local bank for $500 payable to the Nortons, and handed the same to the defendants as a deposit or first payment. The defendants on the same day gave the check to the Nortons, who executed a receipt therefor, closing with the words: ''Trade to be finished within two weeks from date, or this deposit to be forfeited, without recourse. Title to prove good. or no sale, and this deposit to be returned.'' A few days later the defendants handed back to the plaintiff her check, and she thereupon gave to them in place of the check $500 in money, which they at once paid over to the Nortons. Subsequently it appeared from the abstract of title furnished by the plaintiff that an attachment, issued in an action against her husband, had been levied on her property; and on learning this the Nortons refused to accept her deed, or to carry out the proposed exchange, unless she would have the attachment removed. She offered to give him a warranty deed, but refused to procure the discharge of the attachment. The Nortons were ready and willing to complete the trade, and tendered a deed of their property to the plaintiff. but she never offered to convey to them an unencumbered title to her property, and never tendered or offered to pay the balance of the purchase money.

Thereupon.the Nortons abandoned the trade; and without the knowledge of plaintiff, and without any directions as to the disposition to be made of the money, returned the $500 to the defendants, and the latter returned to them their receipt, with an indorsement thereon in these words: "Money returned and their receipt is canceled.   Brown & Ensign.   July 25, 1887.   We agree to release the signers of this receipt from any expense, legal or otherwise.   Brown & Ensign."   There are further findings as follows: "That when the trade was finally abandoned by the Nortons they were no longer entitled to retain. the $500 as part of the purchase money.   That the defendants, on receiving the $500 from the Nortons, took their place as to the money, and assumed all liabilities as to the plaintiff that the Nortons had incurred.   That the oral agreement on the part of the plaintiff to forfeit the $500 paid, on failure to comply with the terms of the oral agreement to purchase of the Nortons, was valid, and she was not entitled to recover it back when she refused to complete the purchase."   Judgment was entered that the plaintiff take nothing by her action, and that the defendants recover their costs.   From that judgment the plaintiff appeals.

The action was brought to recover the $500 paid to the defendants, as above stated, as money had and received by them to the plaintiff's use.   The respondents contend that the judgment was right and should be affirmed, because, as the plaintiff paid the money as a forfeit, and then failed to complete the trade by offering to convey an unencumbered title to her property, and to pay the balance of the purchase money, she could not have recovered the money back from the Nortons, and hence had no cause of action against them.   This contention cannot, in our opinion, be sustained.   The plaintiff could have maintained an action against the Nortons to recover the money; and their only defense, if any they had, would have been a counterclaim for damages: Cleary v. Folger, 84 Cal. 316, 18 Am. St. Rep. 187, 24 Pac. 280; Drew v. Pedlar, 87 Cal. 443, 22 Am. St. Rep. 257, 25 Pac. 749.   And the liability of the defendants is shown by the finding that, when they received back the $500, they took the place of the Nortons as to the money, and assumed all their liabilities to the plaintiff. This finding is not questioned, and its correctness seems to be admitted.   It follows, therefore, we think, that the plaintiff

was entitled to maintain this action against the defendants, and that the judgment was improperly entered against her. We advise that the judgment be reversed and the cause remanded.

We concur: Vanclief, C.; Fitzgerald, C.

PER CURIAM.—For the reasons given in the foregoing opinion the judgment is reversed and the cause remanded.