[No. 19141. Department One. —August 15, 1893.]

# HENRY L. SHIVELY, RESPONDENT, v. SEMI-TROPIC LAND AND WATER COMPANY, APPELLANT.

| 99 | 259 |
| 102 | 320 |
| 99 | 259 |
| 103 | 168 |
| 99 | 259 |
| 109 | 128 |
| 109 | 562 |
| 99 | 259 |
| 115 | 141 |
| 99 | 259 |
| 118 | 420 |
| 99 | 259 |
| 123 | 19 |
| 123 | 63. |
| 99 | 259 |
| 134 | 102 |
| 99 | 259 |
| 136 | 639 |
| 99 | 259 |
| 137 | 289 |
| 99 | 259 |
| 139 | 391 |
| 99 | 259 |
| 149 | 700 |

VENDOR AND PURCHASER—RESCISSION OF CONTRACT OF SALE—RECOVERY BACK OF PURCHASE-MONEY PAID—FORFEITURE CLAUSE.—When a contract of sale and purchase of land is abandoned or rescinded by the parties, the purchaser, though in default, may recover back installments paid upon the purchase-money, less the actual damage to the vendor occasioned by his breach of contract, notwithstanding a forfeiture clause in the contract rescinded.

ID. — ACTION BY ASSIGNEE OF PURCHASER—MONEY HAD AND RECEIVED—CONTRACT PROHIBITING ASSIGNMENT.—An action by the assignee of the rights of a purchaser of land to recover back from the vendor, upon an alleged rescission of the contract of purchase, the installments paid on the purchase price of the land, is an action for money had and received, and not an action arising under the contract; and the assignment by the vendee of the cause of action is no violation of the provisions of the contract prohibiting its assignment.

ID. — SALES OF LAND BY VENDOR TO THIRD PARTIES—RESCISSION—INSUFFICIENT COMPLAINT—ANSWER SUPPLYING DEFECT.—A conveyance to third parties by a vendor of land contracted to be sold to a purchaser does not of itself constitute a rescission or abandonment of the contract by the vendor, or a breach of his contract; and a complaint in an action to recover back purchase-money paid, alleging a rescission of the contract merely by reason of sales by the vendor to third parties, who took possession as owners thereof, and made large and lasting improvements thereon, does not state a cause of action; but the defect in the complaint is supplied where the answer avers that the defendant treated the contract as rescinded and sold the land to other parties.

ID. —PLEADING—DEFECTS IN COMPLAINT CURED BY ANSWER.—When a complaint fails to set forth material facts so that no cause of action is stated, but the answer avers such facts, the omission in the complaint becomes immaterial, and the defect therein is cured by the answer.

APPEAL from a judgment of the Superior Court of Los Angeles County, and from an order denying a new trial.

The facts are stated in the opinion of the court.

*Willis, Cole & Craig, H. A. Barclay,* for Appellant.

*Harvey Bleeker,* and *George I. Cochran,* for Respondent.

GAROUTTE, J. — On the tenth day of October, 1887, Lewis Shively purchased a tract of land from the defendant under a written contract for the sum of $4,004; $1,334.66 was paid in cash, the balance was to be paid in three installments, the last payment being due on the 10th of October, 1889, and the deferred payments, if not paid when due, were to bear interest at the rate of twelve per cent per annum until paid. The first payment was the only one made by Shively, and nothing further

was done by either party to the contract until the defendant on the eighth day of April, 1890, and after all the payments had been due, wrote a letter to Shively notifying him to pay up, or return the contract, or the defendant would foreclose. Subsequently, the balance of the money not being paid, defendant sold the land to other parties. Prior to the bringing of this suit Lewis Shively assigned to the plaintiff all his right, title, and interest in the claim and contract in question, and to all sums of money paid by him under said contract. This action was commenced in October, 1891, and is in the nature of an action for money had and received to recover back the first payment made by Lewis Shively under the contract. Judgment went for plaintiff, and this appeal is taken from the judgment and order denying the motion for a new trial.

Respondent rests his case upon the claim that appellant, having sold the land to other parties, thereby rescinded the contract and rendered itself liable for a return of the money already paid. Appellant insists that Shively's failure to pay the deferred payments when due, or when demanded, was such a default upon his part as to relieve appellant of any further obligation toward him. Appellant states in his answer that by reason of respondent's default as to the non-payment of the installments due, it treated the contract of sale as rescinded, and thereupon sold the land to other parties. While in a subsequent portion of the answer there is a denial of the allegation that defendant rescinded the contract by reason of such sale, yet the pleading, taken in connection with the balance of the record, indicates that a rescission by defendant was fully admitted. This is conclusively shown by an answer to an interrogatory of the court, wherein counsel for appellant said: "We treated the contract as rescinded, and after about a year and a half sold the land to other parties. That is alleged and admitted in the pleadings."

The general principle involved in this case, as disclosed by the pleadings and facts stated, has been directly passed upon by this court in a number of recent decisions, and the law upon the question must be deemed settled beyond dispute. These cases hold that when a contract of sale and purchase of land is abandoned or rescinded by the parties, the vendee, though in

default, may recover back installments paid of the purchase-money, less the actual damage to the vendor occasioned by his breach of contract. (*Cleary* v. *Folger*, 84 Cal. 316; 18 Am. St. Rep. 187; *Drew* v. *Pedlar*, 87 Cal. 443; 22 Am. St. Rep. 257; *Phelps* v. *Brown*, 95 Cal. 572; *Bradford* v. *Parkhurst*, 96 Cal. 102; 31 Am. St. Rep. 189.) The contracts of sale forming the basis of litigation in the foregoing cases contained a forfeiture clause quite similar to the one here under consideration, and that provision has never been upheld.

The assignment to plaintiff of the cause of action evidenced by this litigation was no violation of those provisions of the contract prohibiting its assignment. This is not an action arising under the contract, but an action for money had and received. (See *Joyce* v. *Shafer*, 97 Cal. 335.)

It is insisted that the general demurrer to the complaint should have been sustained. The complaint alleged that the defendant sold the land to other parties, who took possession as owners thereof, and made large and lasting improvements thereon, and that by reason of such sales the defendant had rescinded said agreement. These facts are all that is alleged as to the rescission by defendant, and we think them wholly insufficient to support a cause of action based upon rescission. Rescission or abandonment of the contract by defendant gives plaintiff his cause of action, but a transfer of the land to third parties of itself does not constitute such abandonment or rescission. It does not necessarily follow from such transfer that defendant has placed it out of his power to comply with the terms of the contract. Such transfer creates no breach of the contract. *Non constat* but plaintiff's rights were expressly reserved by its terms. Defendant as yet has not defaulted, and might not suffer default when the balance of the purchase price was tendered and a deed demanded; and the plaintiff is not entitled to recover the money paid until he shows the default of the defendant. This question was directly presented in *Joyce* v. *Shafer*, 97 Cal. 335, and it was there held that a conveyance by the vendor was not a breach of the contract, and a demurrer was sustained to the complaint for that reason. We are entirely satisfied with the principle laid down in that case. If this question were to be tested by the sufficiency of the com-

plaint alone, a reversal of the cause would be the result, but defendant's answer, as already shown, sets out the failure of plaintiff to pay the amounts due, and states that for that reason it treated the contract as rescinded, and sold the land to other parties. Such allegation supplies all that the complaint omits, and gives plaintiff a good cause of action. When defendant treated the contract as rescinded, and sold the land to other parties, it became liable for the amount of money received from plaintiff, less the actual damage suffered by reason of plaintiff's breach of the contract. That a defective complaint may be cured by admissions of the answer is well settled. Mr. Pomeroy, in his work upon Remedies and Remedial Rights, section 579, says: "When the plaintiff has failed to state material facts so that no cause of action is set forth, but these very facts are supplied by the averments of the answer, the omission is immaterial, and the defect is cured."

We find no other matters demanding our attention.

For the foregoing reasons, let the judgment and order be affirmed.

HARRISON, J., and PATERSON, J., concurred.