[L. A. No. 2681. In Bank.—August 31, 1911.]

## LAW CREDIT COMPANY (a Corporation), Appellant, v. ARTHUR G. TIBBITTS, Respondent.

VENDOR AND VENDEE—NAKED RESCISSION—RECOVERY OF PARTIAL PAYMENTS.—In the case of a naked rescission of a contract for the sale of land, without any agreement between the parties as to terms, the purchaser, notwithstanding his default, may recover the amount of his partial payments less the damage suffered by the vendor by reason of the vendee's breach of the contract.

ID.—WRITTEN AGREEMENT FOR RESCISSION—ABSENCE OF PROVISION FOR REPAYMENT OF PURCHASE PRICE.—Such rule does not apply to a case of a mutual express agreement to rescind, which has been reduced to writing, and which contains the express terms of the settlement, without making any provision for the repayment of the partial payments of the purchase price. Under such circumstances, it must be presumed that the written agreement contained all the terms upon which the parties had agreed for a rescission, and the same cannot be varied by parol.

APPEAL from a judgment of the Superior Court of Los Angeles County and from an order refusing a new trial. Leon F. Moss, Judge.

The facts are stated in the opinion of the court.

Tanner, Taft & Odell, for Appellant.

Oscar C. Mueller, and William M. Hiatt, for Respondent.

BEATTY, C. J.—In May, 1907, by contract in writing, the defendant agreed to sell and convey, and plaintiff's assignor— Julia S. Wildey—agreed to purchase, for the sum of twenty-five hundred dollars, a town lot with the dwelling thereon. Five hundred dollars was to be paid at the date of the agreement, one thousand dollars in January, 1908, and the balance in May, 1908. Time was declared to be of the essence of the contract, and default in either of the deferred payments was to free the defendant of all obligations to convey and to work a forfeiture of all previous payments. Mrs. Wildey made the cash payment of five hundred dollars and in pursuance of the contract entered into possession of the premises early in October, 1907, and so remained until late in November, 1908, a period of nearly fourteen months, at the end of which time she was in default as to both of the deferred payments stipulated in the contract, but she had paid, pursuant to the contract, taxes and street assessment amounting in the aggregate to about thirty-three dollars. The value of the use and occupation of the premises was twenty-five dollars per month, aggregating for the time Mrs. Wildey was in possession three hundred and fifty dollars.

In this situation the parties agreed to rescind the contract of sale and purchase and reduced their agreement to writing, wherein, after reciting the making of the contract, the possession of Mrs. Wildey under it, her default in the stipulated payments, and the desire of the defendant to regain possession, it was "mutually agreed that said contract and agreement of sale of May 21st, 1907, be, and the same is hereby, rescinded, and the said Julia S. Wildey agrees upon the execution of this memorandum by Arthur G. Tibbitts and herself, that she will within ten (10) days thereafter deliver up possession of the said premises to the said Arthur G. Tibbitts with the furniture

received from the said Tibbitts when the possession of the said premises passed to the said Wildey. In case of failure of either party to this agreement to perform same in accordance with the terms thereof, the same shall be void and without prejudice to the rights of either party thereto. The said Julia S. Wildey also agrees to deliver said property to the said Tibbitts without cloud of title or lien thereon by her imposed.

"Dated this 20th day of November, 1908.

"ARTHUR C. TIBBITTS

"MRS. JULIA S. WILDEY."

In compliance with the terms of this agreement Mrs. Wildey delivered the possession of the premises to the defendant and executed and delivered a quitclaim deed for the purpose of removing the cloud upon his title resulting from the record of his agreement to convey. She thereupon demanded repayment of the five hundred dollars paid by her on account of the purchase price of the property, together with the sums paid by her for taxes and street assessments during her occupancy of the premises with interest, amounting in all to $598.75, offering at the same time to remit one hundred and eighty dollars of this amount as compensation for the use of the premises during her occupancy. Upon the refusal of this demand the plaintiff—her assignee—commenced this action. By way of defense the defendant pleaded the written agreement to rescind, alleging that by mutual mistake one of the terms of the agreement had been omitted by which he was to be released from all obligations under the original contract, and Mrs. Wildey was to waive any and all claim to that portion of the purchase price which she had paid, in consideration of her release from any claim for compensation for the use of the premises. He also alleged that he had been damaged to the extent of five hundred dollars by Mrs. Wildey's breach of her contract on account of the depreciation in value of the property.

Both of these defenses were sustained by the superior court, where the defendant recovered a judgment for his costs. From this judgment, and from an order denying its motion for a new trial, the plaintiff appealed to the district court of appeal where the judgment and order were reversed. An order was subsequently made transferring the cause to this court for hearing and decision.

In their printed argument counsel have discussed two questions: 1. Whether a case was made for reforming the agreement to rescind, and, 2. Whether the defendant was damaged to the extent of five hundred dollars, or at all, by Mrs. Wildey's breach of her contract to purchase.

In the view we take of the case we shall not have occasion to consider the first question. With regard to the second, it may be stated that both parties rely upon a line of decisions of which *Cleary* v. *Folger*, 84 Cal. 316, [18 Am. St. Rep. 187, 24 Pac. 280], and *Drew* v. *Pedlar*, 87 Cal. 443, [22 Am. St. Rep. 257, 25 Pac. 749], are typical. In the first of these cases the contract of purchase and sale had been brought to an end by the default of both parties; in the second, a mutual rescission of a similar contract was implied from the acts and admissions of the parties. In each was presented the case of a naked rescission without any agreement between the parties as to terms, in consequence of which it remained for the law to supply, and the courts to enforce, equitable terms of restoration and compensation, and it was held to be equitable that the purchaser, notwithstanding his default, should recover the amount of his partial payments less the damage suffered by the vendor by reason of the vendee's breach of contract. This has been the rule of decision in a number of similar cases since decided and would govern the disposition of this case except for an important distinction to which counsel have not adverted.

Here was a mutual agreement to rescind—express and reduced to writing—containing express terms of settlement and, it must be presumed, all the terms upon which the parties had agreed for the settlement of their controversy—an agreement not to be varied or added to by parol. The parties have here done for themselves what, in the absence of express agreement, the court must have done for them; they have adjusted their reciprocal rights by defining their respective obligations What Mrs. Wildey was to do she has done. The defendant was to do nothing except to release her from the obligation she incurred by her agreement to purchase and that he has done. The contract contains no stipulation obliging him to refund payments made by her on account of purchase price or for taxes or assessments, or obliging her to compensate him for the use of the premises or for damages arising from her breach of the original contract. The inference is that there

was a mutual waiver of all such claims—that it was not a partial but a complete settlement of their controversy—such as would have been decreed by a court under sections 3406, 3407, 3408, of the Civil Code.

In this view it is—as above stated—unnecessary to consider whether the defendant made a case for the reformation of the contract; for he is as fully protected by the absence of any agreement to repay the $598.75, as he would be by an express release of any claim for repayment. In the same view it also becomes unnecessary to inquire whether he made out his claim for damages.

The judgment and order of the superior court are affirmed.

Angellotti, J., Sloss, J., Lorigan, J., Shaw, J., Melvin, J., and Henshaw, J., concurred.