[Civ. No. 2239.   First Appellate District.—December 12, 1917.]

## OTTO BURMESTER et al., Appellants, v. JOHN W. HORN, Respondent.

VENDOR AND VENDEE—DEFAULT IN PAYMENTS—CANCELLATION OF CONTRACT—RECOVERY OF MONEY PAID.—Purchasers under a contract for the sale of real property are entitled to recover the amounts paid by them on account of the contract, where, after default in the payment of installments, the vendor served notice of cancellation of the contract and without their consent took possession of the property.

ID.—ACCEPTANCE OF OVERDUE PAYMENTS — WAIVER OF FORFEITURE.— Where the vendor under a contract for the sale of real property repeatedly accepts payments on the purchase price after their due date, he cannot declare the contract terminated for subsequent defaults in making payments, without first giving notice to the purchasers of his intention to require strict compliance with the terms of the contract.

ID.—RULE AS TO FORFEITURE FOR SUBSEQUENT DEFAULTS.—Where time is made of the essence of the contract for the payment of money,

and the covenant has been waived by the acceptance of payments after they are due, with knowledge of the facts, such conduct will be regarded as creating such a temporary suspension of the right of forfeiture as could only be restored by giving a definite and specific notice of an intention to enforce it.

ID.—RULE AS TO RECOVERY OF PURCHASE MONEY.—Where a contract has been abandoned or rescinded by the parties, the vendee, although in default, may recover back installments paid on the purchase price, less actual damages to the vendor occasioned by the vendee's breach of contract, although it was stipulated that such payments should be forfeited upon default.

APPEAL from a judgment of the Superior Court of Sonoma County. Emmet Seawell, Judge.

The facts are stated in the opinion of the court.

G. P. Hall, and E. J. Dole, for Appellants.

F. A. Meyer, for Respondent.

KERRIGAN, J.—This is an appeal from a judgment in favor of defendant in an action brought to recover from him a sum of money paid by the plaintiffs on account of the purchase price of real and personal property situated in Sonoma County.

A brief account of the facts of the case is as follows: On January 14, 1913, Antonia Brandt, being the owner of the real property described in the complaint and of certain personal property, made a bill of sale and deed thereof to John W. Horn, the defendant, in consideration of which Horn entered into an agreement with her whereby within thirty days he was to pay her the sum of one thousand five hundred dollars, to be derived from a mortgage upon the property, and thereafter the sum of twenty-five dollars per month without interest for the period of seventy-six months if she lived during that period, otherwise the payments to cease at her death. Time was not made of the essence of the contract, nor did it provide, as is quite usual in similar contracts, for a forfeiture of the vendee's rights in case the installment payments were not punctually made.

Thereafter, on February 3, 1913, Horn agreed in writing to sell and convey to Otto Burmester and Cora Burmester, the plaintiffs herein, the same land and personal property for the

sum of six thousand dollars, nine hundred dollars of which was to be paid upon the execution of the agreement, and the balance at the rate of fifty dollars or more a month, beginning March 1, 1913, together with interest on the deferred payments at the rate of six per cent per annum compounded quarterly. This contract further provided that in the event of a failure to comply with any of its terms, the unpaid balance should at once become due and payable, and that Horn should be privileged to terminate all the right, title, or interest of the Burmesters in the property, and to retain as liquidated damages the payments already made thereon. Time was made of the essence of this contract. The Burmesters were let into possession, and at the time this action was brought they had paid in all on account of the contract the sum of $1,365.82.

On May 6, 1913, Antonia Brandt brought a suit against Horn to set aside her deed to and contract with Horn, on the ground that they had been obtained from her through fraud and undue influence, she alleging in this behalf in part that at the time those instruments were made she had recently lost her husband; that she was old and infirm in body and mind; that she spoke and understood the English language with difficulty; that she was inexperienced in and practically knew nothing about business affairs, and that Horn took advantage of her condition and made certain false and fraudulent promises and representations with the purpose and intention of defrauding her of the property so conveyed.

On January 19, 1914, the Burmesters were in default in their payments to the amount of $392.83, and on that day Horn notified them in writing that they being in default he, in pursuance of the terms of their contract, "canceled, annulled, and set aside" the same; and on the following day Horn appeared in open court and in the suit brought against him by Antonia Brandt consented that judgment be entered against him annulling and canceling the deed and bill of sale made by her to him. Thereafter, on February 6, 1914, with the consent of the Burmesters, Horn took possession of the property, real and personal, and turned it back to his grantor. Other facts will be stated in the course of the opinion.

It will be observed that the defendant did not in his letter of January 19, 1914, as he might have done, attempt to terminate the plaintiffs' rights under their contract with him, but simply notified them that the contract itself was annulled,

canceled, and set aside. In the evidence the contract was continually referred to as having been terminated and rescinded, and it is so pleaded in the complaint, admitted in the answer and found by the court. The effect of a rescission by the parties was to entitle the plaintiffs to recover from Horn the amounts paid by them on account of the contract. The rule is that where a contract has been abandoned or rescinded by the parties, the vendee, although in default, may recover back installments paid on the purchase price, less actual damages to the vendor occasioned by the vendee's breach of contract, although it was stipulated that such payments should be forfeited upon default. (*Cleary* v. *Folger*, 84 Cal. 316, [18 Am. St. Rep. 187, 24 Pac. 280]; *Drew* v. *Pedlar*, 87 Cal. 443, [22 'Am. St. Rep. 257, 25 Pac. 749]; *Phelps* v. *Brown*, 95 Cal. 572, [30 Pac. 774]; *Shively* v. *Semi-Tropic Co.*, 99 Cal. 259, [33 Pac. 848]; *Heilig* v. *Parlin*, 134 Cal. 99, [66 Pac. 186].) Besides this, we are of the opinion that Horn was in no position to claim the strict forfeiture provided for under the terms of his contract, for whatever default was suffered by the Burmesters thereunder was waived by the acts of Horn. It appears from the evidence that no one of the seven or eight monthly payments was ever made by the Burmesters in accordance with the terms of their contract. In one instance several months had elapsed between two of the payments, and the Burmesters were always in arrears as to part of the amount due from the very inception of their contract. Under such circumstances where, as here, time is of the essence of the contract, the vendor is deemed to have waived strict compliance with its terms as regards time of payment, and he cannot thereafter rescind or forfeit the contract without first notifying the vendee of his intention to require a strict compliance with the conditions of the agreement, and allowing him a reasonable time to make good the existing default. Where, says the supreme court of this state, time is made of the essence of the contract for the payment of money, and this covenant has been waived by the acceptance of payments after they are due, with knowledge of the facts, such conduct will be regarded as creating such a temporary suspension of the right of forfeiture as could only be restored by giving a definite and specific notice of an intention to enforce it. (*Boone* v. *Templeman*, 158 Cal. 290, [139 Am. St. Rep. 126, 110 Pac. 947]; *Stevinson* v. *Joy*, 164

Cal. 279, 285, [128 Pac. 751] ; *Pearson* v. *Brown,* 27 Cal. App. 125, [148 Pac. 956].)

In the case at bar this notice was never given. The default of the Burmesters having been waived by the repeated acceptance of payments after their due date, no right existed in Horn to terminate their rights under the contract and to declare forfeited the payments already made; and when he undertook to terminate the contract by his notice of January 19th, the Burmesters were entitled to acquiesce in such action and to recover from Horn the amounts paid to him under the contract.

The judgment is reversed.

Lennon, P. J., and Richards, J., concurred.