[Civ. No. 7293. First Appellate District, Division Two.—July 30, 1930.]

JAMES L. HANLEY, Respondent, v. GENERAL PETROLEUM CORPORATION (a Corporation), Appellant.

Paul T. Wolf for Appellant.

James M. Hanley for Respondent.

STURTEVANT, J.—The plaintiff sued the defendant to recover a judgment for money. The jury returned a verdict in favor of the plaintiff and from a judgment entered thereon the defendant has appealed.

On March 31, 1928, the defendant leased to the plaintiff a gasoline filling station at Post and Broderick Streets, San Francisco. The lease extended over a term of years. The plaintiff made a deposit of $600 which, according to the terms of the lease, was to pay the rental for the last four months of the term. The plaintiff entered into possession and paid the rental for the months of April, May, June

and July. Thereupon he notified the defendant that in making the lease the defendant had misrepresented the facts and that basing his action on the misrepresentation so made the plaintiff rescinded the lease. Upon receiving that notice the defendant authorized the plaintiff to continue in possession of the station and authorized him to operate it for the defendant until the defendant could make another transfer. The plaintiff continued in the latter capacity for two months. During that period of time he collected $430.68 which he did not pay over to the defendant. In his complaint he pleaded the foregoing facts and other facts and asked judgment for damages and alleged that he held $430.68 of the defendant's money which he would apply on any judgment that might be rendered. ▮ In its answer the defendant did not put in issue the question of rescission, but denied any misrepresentation and a trial was had on the subject of damages. The defendant makes the claim that this is an action in equity, that there should have been findings, that there were none, and that the judgment is a nullity. The point cannot be sustained. The plaintiff's complaint is not necessarily an action for rescission. The answer admitted the rescission of plaintiff and when the case went to the jury, the pleadings presented solely issues of law and not of equity.

The next point made by the defendant is that the verdict included certain elements as damage which in truth and in fact were not damage. Both parties concede that in this case the measure of damage is the amount which will compensate for all the detriment, whether anticipated or not, proximately caused by a breach of the obligation. (*Armstrong* v. *Lassen Lumber & Box Co.*, 204 Cal. 529, 533 [269 Pac. 453].) The evidence introduced to show damage consisted almost wholly of book accounts. The plaintiff kept accurate accounts and the defendant company kept accurate accounts. The plaintiff showed by balancing his books that the amount of loss during the four months of his tenancy was $631.78. He also claimed the return of his deposit, $600, and the right to be reimbursed for wages $125 per month for four months, making an additional sum of $500. These items total $1731.78. Crediting the defendant with moneys collected for its account, $430.68, it was the theory of the plaintiff that he was entitled to $1301.10. How-

ever, in his complaint, he had stated the item at $1269.32 and he did not amend and the jury was allowed to make up its verdict inserting $1269.32 as the amount of the damage. ■ As the lease had been rescinded by mutual consent the plaintiff was entitled to the return of his deposit. (*Drew* v. *Pedlar*, 87 Cal. 443 [22 Am. St. Rep. 257, 25 Pac. 749]; *Glock* v. *Howard*, 123 Cal. 1, 16 and 19 [69 Am. St. Rep. 17, 43 L. R. A. 199, 55 Pac. 713].) ■ By the clear terms of the lease the plaintiff undertook the obligation of furnishing the labor to operate the station during the term of his lease. This obligation he assumed freely and voluntarily and there is no charge of fraud or mistake regarding that covenant. Therefore the amount of the labor was not detriment proximately caused by any fraud. This brings us to the nature of the misrepresentation complained of. ■ The plaintiff claimed that the gas station was represented as having on the 31st of March, 1928, averaged sales of 9,000 gallons per month, whereas the fact was that the average sales had not been that high. While plaintiff was in possession during the months of April, May, June and July the sales did not amount to 9,000 gallons per month, that is, 36,000 gallons but they amounted to 21,152 gallons, or 14,848 gallons less than as represented. The profit of the plaintiff was fixed by contract at five cents per gallon. His loss by reason of the alleged misrepresentation was therefore $742.40. To that sum should be added $600, the amount of his deposit, making a total of $1342.40. From this there should be deducted $430.68 that being the moneys actually collected by the plaintiff for the defendant's account. The remainder, $911.72, is the true amount of the plaintiff's loss.

The judgment is modified by striking out the figures one thousand two hundred and sixty-nine dollars and thirty-two cents ($1269.32) where those figures appear in the judgment and by inserting instead nine hundred and eleven dollars and seventy-two cents ($911.72). As so modified the judgment is affirmed and the defendant will recover its costs on appeal.

Nourse, P. J., concurred.

A petition for a rehearing of this cause was denied by the District Court of Appeal on August 28, 1930.