[No. 19223.  In Bank.—June 27, 1894.]

MATTIE H. MERRILL, APPELLANT, v. F. H. MER-
RILL, RESPONDENT.

VENDOR AND PURCHASER—DEFAULT OF PURCHASER—WITHDRAWAL OF DEED FROM ESCROW—RECOVERY BACK OF PURCHASE MONEY—LIEN NOT ENFORCEABLE.—A purchaser who has paid part of the price under a contract for the sale of land, and has made default in the payment of an installment, whereupon the vendor has withdrawn his deed from escrow, and denied the right of the purchaser to a conveyance by reason of a provision of forfeiture in the contract of purchase, may recover judgment against the vendor for the purchase money paid under the contract; but cannot enforce a special lien upon the property for failure of consideration under section 3050 of the Civil Code for such part of the amount paid as he may be entitled to recover.

ID.—EXTINCTION OF OBLIGATION—FAILURE OF CONSIDERATION.—The rescission of a contract of purchase by the vendor which extinguishes the obligation, does not cause a failure of consideration.

CONSTRUCTION OF CIVIL CODE—LIEN OF PURCHASER—LOSS RESULTING FROM PURCHASER'S DEFAULT.—Section 3050 of the Civil Code is intended to secure the purchaser from injury from wrong or inability to perform on the part of the vendor, and the purchaser cannot acquire an equity based upon his own wrong, and is not afforded a lien by the code to secure him from loss resulting from his own breach of the contract.

APPEAL from a judgment of the Superior Court of Los Angeles County.

The facts are stated in the opinion, and in 95 Cal. 334–37.

*John D. Pope,* for Appellant.

Plaintiff is entitled to a lien as security for the money paid, which he may recover back. (Civ. Code, sec. 3050; *Glassell* v. *Coleman,* 94 Cal. 261; *Miller* v. *Steen,* 30 Cal. 408; *Bohall* v. *Diller,* 41 Cal. 535; *Burks* v. *Davies,* 85 Cal. 113; 20 Am. St. Rep. 213.) The right to rescind the sale and to declare the contract null because of the failure of payment of the installments was reserved for the sole and exclusive benefit of the vendor. (*Wilcoxson* v. *Stitt,* 65 Cal. 596; 52 Am. Rep. 310; *Smith* v. *Mohn,* 87 Cal. 498; *Newton* v. *Hull,* 90 Cal. 487.) As he chose to rescind he must refund the purchase money. (*Phelps* v. *Brown,* 95 Cal. 572.)

*W. F. Henning, R. Dunnigan,* and *J. M. Voss,* for Respondent.

Plaintiff is not entitled to a vendee's lien, as she failed to make the payment of the installments due under the contract. (*Joyce* v. *Shafer,* 97 Cal. 335; *Benson* v. *Shotwell,* 87 Cal. 54, 55; *Newton* v. *Hull,* 90 Cal. 492, 493; 3 Pomeroy's Equity Jurisprudence, sec. 1263.)

The COURT.—Upon further consideration of this cause, after submission in Bank, we are satisfied with the conclusion which was reached by Department Two in its

opinion filed January 26, 1894, and for the reasons stated in said opinion the judgment appealed from is affirmed.

The following is the opinion of Department Two, above referred to:

TEMPLE, C.—This is an appeal upon the judgment-roll, in which the plaintiff contends that she was not awarded all the relief to which she is entitled upon the pleadings and findings.

It is the second appeal in the case. The first appeal was from a judgment on demurrer, and is reported in 95 Cal. 334, where the nature of the contract upon which action is based is fully shown.

Plaintiff recovered judgment for the money she had paid upon the contract of purchase, but was not allowed a lien upon the land. She now insists that the pleadings and findings taken together show that she is entitled to such lien, and she asks that the judgment be corrected or modified in accordance with her claim.

In pursuance of the contract of purchase, the defendant, who is the vendor, executed a deed which was placed in escrow, under the condition that "in case of default in the payment of the sums of money as herein named, . . . . then said sums of money are to be considered forfeited," and the deed was to be delivered to the vendor. After paying three thousand dollars, plaintiff made default in the payment of an installment, and thereupon the vendor demanded and obtained the deed, and denied the right of plaintiff to purchase. Apparently the court denied the lien on the ground that the rescission was claimed by defendant because of the default of plaintiff.

Plaintiff relies upon section 3050 of the Civil Code, which reads as follows: "One who pays to the owner any part of the price of real property, under an agreement for the sale thereof, has a special lien upon the property, independent of possession, for such part of the amount paid as he may be entitled to recover back in case of a failure of consideration."

She claims that when defendant withdrew the escrow

deed and denied her right to a conveyance, he thereby rescinded the contract, and that such rescission was a failure of the consideration; therefore she is entitled to the lien under the statute.

For the proposition that it is a failure of consideration she relies upon the case of *Glassell* v. *Coleman*, 94 Cal. 261. In that case the court said: "Upon the election by the plaintiff to rescind the contract by claiming a forfeiture by Wilson of all his rights under the contract, the contract itself and each of its provisions or terms ceased to be a subsisting or enforceable obligation against Wilson. The only right of action against him then remaining to the plaintiff was for damages for his breach of the contract. The plaintiff could not have a right of action on the contract, and at the same time one for its breach. An action for damages for the breach of a contract necessarily implies that the contract has been terminated, . . . . and the forfeiture of his right to the land wrought an entire failure of the consideration for his promise to pay for the land."

This language must be taken in connection with the facts of the case under consideration. In that case the vendor had notified the vendee that he had forfeited all rights under the contract. The vendor had also brought an action to recover fifty thousand dollars damages for the breach of the contract on the part of Wilson.

Practically the case before the court was one to compel Wilson to pay further installments of the purchase money after this forfeiture. It was said that plaintiff could not recover his damage and the purchase money also. When he availed himself of his privilege of forfeiting the rights of the purchaser under the contract there was no consideration to support the promise to pay, and it could not be enforced.

It is true when one sues to recover damages for a complete failure to perform a covenant he thereby waives performance of that covenant; for he has elected to take damages in lieu of performance, but I doubt whether it be correct to say that by bringing such action he rescinds

the contract. Certainly it is not such a rescission as extinguishes the obligation. On the contrary, as said in *Wainwright* v. *Weske*, 82 Cal. 193, by such action he affirms the contract and bases his right upon it. His recovery may be quite another thing from what he would be entitled to if he elected to rescind. And then he is not compelled to place the other party *in statu quo*, and his suit does not authorize the adverse party to recover every thing of value paid by him. Often a party cannot rescind, but is remitted to his action for damages, because he cannot restore the other party to the condition he would have been in but for the contract. And, again, damages are often stipulated for in a contract, and may be recovered according to its terms. Bishop on Contracts states this doctrine very briefly: "Where a contract requires successive steps to be taken by the respective parties, if, when a step becomes due the party, either in words or by their equivalent in acts, declines to take it, or is unable, while the other is ready and willing, to do his part, the latter may rescind the contract. Or, if he chooses, he can sue for the breach. He cannot do both." (Bishop on Contracts, sec. 827.) And again, section 842: "After a contract has been broken, whether by an inability to perform it, by a rescinding against right, or otherwise, the party not in fault may sue the other for the damages suffered; or, if the parties can be placed *in statu quo*, he may, should he prefer, return what he has received, and recover in a suit the value of what he has paid or done. The pursuing of the latter alternative is called rescission."

It will be seen that when a breach of the contract has occurred the party is often put to his election, whether he will rescind or sue for damages, and sometimes he cannot rescind, but must sue for damages, because he cannot place the other party *in statu quo*. Now, both of these courses would so far end the contract that the party suing can no longer insist upon a performance of that covenant for the breach of which he has claimed damages. Both cannot properly be called rescission, or,

if they can, it must follow that rescission, effected by suing to recover damages for a breach, does not require that the parties shall be placed *in statu quo*, or authorize a recovery, by the party in the wrong, of money paid.

Plaintiff, appellant here, contends that when defendant withdrew the escrow deed and denied the rights of plaintiff under the contract he, by his own act, rescinded the contract and caused a failure of consideration. I do not understand this to be the effect of a rescission of a contract when the rescission extinguishes the obligation.

The consideration of the contract has not failed; the contract has simply ceased to exist. Conceding a subsisting contract, and the consideration is ample.

Nor do I think it was held in any of the cases cited that a rescission was effected simply by the act of a vendor in claiming a forfeiture. In some of the cases the contract provided that the vendor might rescind upon default of the vendee. In such cases the rescission is by consent of the parties. In others it seems to be held that when the vendor refuses further performance, and claims the damages according to the contract, he abandons the contract, and thereupon the vendee may also abandon it and reclaim his money. Whether the conclusion be correct or not is not a question here. Unless the rescission is by consent, it is difficult to understand how it has been brought about. For, as respondent justly says, it is, in effect, enacted in section 1691 of the Civil Code that rescission cannot be otherwise effected without a compliance with that section. The idea must be that the abandonment of the contract by the vendor is equivalent to a claim of rescission on his part which may be acquiesced in by the vendee.

In *Cleary* v. *Folger*, 84 Cal. 316, 18 Am. St. Rep. 187, it was simply held that the vendor was also in default, in that he did not tender a deed on the very day it was due on the contract. Both being in default, either could treat the contract as rescinded. It was not here held that when a vendor refuses to complete performance, because of a breach on the part of the vendee, and claims damages

as stipulated in the contract, he thereby rescinds or consents to a rescission.

It has been said in several cases that this doctrine was announced in *Drew* v. *Pedlar*, 87 Cal. 449; 22 Am. St. Rep. 257. Perhaps it does so hold, but such conclusion seems to be based in that case partly upon the pleadings in which both parties recognize the fact of a rescission. In other words, it was a rescission by mutual consent. *Phelps* v. *Brown*, 95 Cal. 572, was a suit against a broker who held money deposited by a vendee as a forfeit. It was held that, the parties having rescinded the contract, the broker could not hold the money. There was an actual rescission in that case, and no question was raised which required a discussion showing how a rescission was brought about.

Appellant's judgment is based upon the proposition that the contract had been extinguished by rescission. That could only have been accomplished with her consent or because of her wrongful act. There was no claim that the consideration had failed, or that a rescission had been had or was sought upon that ground. This cannot be the failure of consideration contemplated in section 3050 of the Civil Code. That was intended to secure a party from injury through the wrong or inability to perform of the other party. If the vendee did to himself the injury, he is not injured in the eye of the law. He cannot acquire an equity based upon his own wrong.

The Civil Code, in general, was intended to announce rules of law already declared by the courts. This presumption is not of such force as to control the language of the statute, but in all cases of doubt that construction should be preferred which accords with known rules. In equity a vendee had a lien when in possession under a contract if the consideration failed. It was the counterpart of the lien given to the vendor, and the rule in equity is that no such lien exists in favor of one who is in default. One who has himself abandoned the contract, or has refused to perform it according to

its terms, is not afforded a lien to secure him from loss because of his own breach of the contract. (3 Pomeroy's Equity Jurisprudence, sec. 1260, and note.)

I think the judgment should be affirmed.

HAYNES, C., and SEARLS, C., concurred.