[Sac. No. 807.   Department One. — September 6, 1901.]

I. W. HEILIG, Appellant, v. W. W. PARLIN, Respondent.

VENDOR AND PURCHASER — CONTRACT OF SALE — RESCISSION BY VENDOR — RECOVERY OF PAYMENTS BY PURCHASER. — Where a contract of sale of real estate is rescinded by the vendor for non-payment of further installments of the purchase-money, by retaking possession of the land, with notice to the purchaser that the contract is absolutely abandoned and determined, the purchaser may recover back the installments of purchase-money which have been paid under the contract so rescinded.

ID. — FORMER JUDGMENT — ACTION TO QUIET TITLE — CROSS-COMPLAINT FOR PURCHASE-MONEY — RES ADJUDICATA. — A former judgment in an action to quiet title, brought by the vendor against the purchaser after the vendor had retaken possession, in which the purchaser pleaded the contract of sale, and alleged performance thereof to the date of ouster, and filed a cross-complaint, praying judgment for a return of the purchase-money paid, but did not allege a rescission of the contract of sale, is not *res adjudicata*, in bar of a subsequent action to recover the purchase-money paid, in which a rescission of the contract of sale is alleged and admitted.

APPEAL from a judgment of the Superior Court of Kings County and from an order denying a new trial. M. L. Short, Judge.

The facts are stated in the opinion of the court.

James A. Burns, and Dixon L. Phillips, for Appellant.

A. G. Park, R. J. Hudson, and Hudson & Prior, for Respondent.

VAN DYKE, J.—January 2, 1891, the appellant, Heilig, and respondent, Parlin, entered into an agreement, in writing, for the sale, by Parlin to Heilig, of a certain twenty acres of land in Kings County, then belonging to Parlin. Heilig was required by the agreement to take possession of the land and to make certain payments, and at his own expense set out to vines or fruit trees one fourth of said land each year for four successive years, and keep the same in good growing and thrifty condition. Thereupon the vendee, Heilig, entered into possession of said land and performed the conditions and paid all the portion of the purchase price required up to February 2, 1895, amounting to $885.45, and the costs of the improvements, amounting to $1,455. The payment due February 2, 1895, not having been paid, eight days thereafter,—to wit, on the 10th,—Parlin, the vendor, served a notice, in writing, demanding possession of the land, and notified the vendee that the contract was absolutely abandoned and determined because of the failure to make said payment, and soon thereafter he took possession of said land, and on March 19, 1895, commenced an action in the superior court of Kings County to quiet title to said twenty acres of land. Heilig, as defendant in said action, answered, and also filed a cross-complaint, setting out, in substance, the contract referred to, and alleging due performance up to the date of the ouster, and praying judgment on the cross-complaint for the amount of the purchase-money paid and money expended under the contract. Parlin, the plaintiff in that action, filed a general demurrer to the answer and also to the cross-complaint, which demurrers were sustained by the court, and Heilig, the defendant therein, declining to amend, his default was taken, and judgment entered in favor of Parlin, plaintiff therein, quieting his title to said tract of land. Thereafter, in December, 1896, this action was brought to recover the portion of the purchase price paid on the land and the money expended, on the ground, as alleged in the complaint, that the contract was rescinded on the part of the vendor, the defendant herein. On the trial of this case, after the plaintiff had rested, the defend-

ant offered, and the court admitted in evidence, against the
objection of the plaintiff, the judgment roll in the former
action, rendered January 18, 1896, in which the defendant
herein was plaintiff and plaintiff herein was defendant, that
being the action to quiet title to the twenty acres of land in
question.   At the request of the defendant, the court also in-
structed the jury that said judgment "is a former adjudica-
tion of the action now before you, and is a bar to the plaintiff's
recovery in the present action, and you are instructed to return
a verdict for the defendant."

The question presented on this appeal is, whether the judg-
ment in the action to quiet title is a bar to the recovery in
this action, which is in the nature of an action for money had
and received, paid out, and expended.   The effect of a judg-
ment in an action is, in respect to the matter directly adjudged,
conclusive between the parties and their successors in interest
litigating for the same thing, under the same title, and in the
same capacity.   (Code Civ. Proc., sec. 1908.)   "That only is
deemed to have been adjudged in a former judgment which
appears upon its face to have been so adjudged, or which was
actually and necessarily included therein or necessary thereto."
(Code Civ. Proc., sec. 1911.)   The matter directly involved in
the former suit was the title to the tract of land in question,
which was sought to be quieted.   The matter directly involved
in this action is the right to recover money paid on a contract
rescinded by the other party to it.   The only thing appearing
upon the face of the judgment to have been adjudged in the
former action is the title of Parlin, the plaintiff therein, to the
land in question, and his right to have such title quieted, and
that judgment was entered upon the default of the defendant,
the plaintiff here, which was an equivalent to a disclaimer on
his part to any claim or title to said land.   In other words, he
acquiesced in the rescission of the contract on the part of
Parlin, and falls back upon his right resulting from such
rescission to recover the money paid, laid out, and expended
while the contract subsisted.

The cross-complaint in the action to quiet title did not aver
that the contract, in reference to which the money had been paid
and expended, had been rescinded.   It may have been for that
reason that the court sustained the demurrer on the ground
that it failed to state a cause of action.   In the present case,
however, the complaint directly alleges a rescission on the

part of the vendor, Parlin, and this allegation is not denied in the answer.   In such case the vendee is clearly entitled to recover what he paid under and in pursuance of the contract so rescinded. (*Bohall* v. *Diller*, 41 Cal. 533; *Shively* v. *Semi-Tropic L. & W. Co.*, 99 Cal. 259; *Merrill* v. *Merrill*, 103 Cal. 287; *Glock* v. *Howard and Wilson Colony Co.*, 123 Cal. 15.[1])   We think the court below erred in holding and instructing the jury that the judgment in the action to quiet title was a bar to the plaintiff's recovey in the present action.

Judgment and order denying a new trial are reversed.

Harrison, J., and Garoutte, J., concurred.