OLIVIERI ET AL. v. McK. JONES.

APPEAL from the District Court of Ponce.

No. 698.—Decided December 19, 1911.

CESSION OF LITIGATED CREDIT.—A credit is not litigated nor comprised within the provisions of section 1438 of the Civil Code because of the mere fact that a dispute or a difference of opinion exists, not in regard to the credit itself, but as to its classification or character; that is, whether it arises from rentals or from a mortgage debt.

DEMURRER—COMPLAINT.—When a complaint is demurred to and the argument rests solely on the allegations, the former should be considered alone and the answer discarded; and when after the trial the court renders judgment in favor of the plaintiff, the omissions in the complaint are understood to be supplied by the answer.

SALE OF REAL PROPERTY—PAYMENT OF PRICE.—In order that the provisions of section 1407 of the Civil Code may be invoked it is necessary to have made the payment or at least to allege that an offer of payment was made and refused.

The facts are stated in the opinion.

*Messrs. José Tous Soto* and *José A. Poventud* for appellants.

*Messrs. Hartzell & Rodríguez Serra* for appellee.

MR. JUSTICE WOLF delivered the opinion of the court.

The appeal here is from a judgment of the District Court of Ponce from which it appears that when the case was called for trial the defendant, although he had filed an answer, presented an objection that the complaint did not state a cause of action, and the court sustained such objection.

The complaint sets forth in substance that some of the heirs of Félix Olivieri Cervoni brought a suit in equity before the District Court of the United States for Porto Rico

against some of the other heirs of said decedent. One of
the properties involved in the proceedings was the estate
"Limón" which in the course of such suit was taken posses-
sion of by a receiver; that the rights of said decedent to such
estate arose from a contract incorrectly styled by the parties
as one of lease and promise of sale bearing date of October
24, 1900, which is and was a sale by the Succession of Don
Vicente Alvarado to the said decedent for the sum of $15,600,
which the said Olivieri was bound to pay to said succession
in the term of eight years from August 1, 1900, at an annual
interest of 12 per cent represented in the contract of sale as
instalment of rent; that the heirs of Alvarado, alleging them-
selves to be the owners of said property "Limón," intervened
in the said suit and demanded the return of such property
by virtue of the said contract improperly called a lease and
promise of sale, as well as by reason of the alleged failure
to perform the same on the part of Olivieri or his heirs,
which complaint in intervention was answered by the parties
in the principal suit; that during the controversy between
the intervenors and the principal parties and by virtue of the
acknowledgment and admission made judicially and formally
by said intervenors that such contract improperly called a
lease and promise of sale was in reality a mortgage, there
was pronounced by the said Federal Court an order, by mu-
tual consent, bearing date of June 7, 1907, by which it was
ordered and decreed that such property "Limón" belonged
to said Succession Olivieri, but subject to an incumbrance or
mortgage of the purchase price in favor of the intervenors;
that in May, 1910, the Federal Court passed a decree decid-
ing the principal suit and proving that creditors whose rights
had been determined by previous orders of the court might
purchase their respective credits after the debts of the re-
ceivership had been first satisfied, by virtue of which decree
the rights of the said intervenors were determined leaving
open only the amount of their claims; that said intervenors
by deed sold and assigned their aforesaid incumbrance, mort-

gage or litigious right in, on, or with respect to the property "Limón" to Walter McK. Jones for the sum of $18,000, $5,000 payble on January 1, 1911, and $3,250 payable on the first of each succeeding year; and in said deed the facts leading up to the aforesaid decrees of June 7, 1907, and May, 1910, were set forth and it was specified that Mr. McK. Jones should be subject to all the equities that may have been created by virtue of the said suit before said Federal Court; that said Jones filed in said Federal Court a petition not notified to complainants, by which he seeks to recover the sum of $14,000, more or less, as rents matured during the years from 1900 to 1908 by virtue of said contract of lease and promise of sale; that the complainants are disposed to satisfy and reimburse the said Walter McK. Jones the sum of $18,000 according to the tenor of his contract with the Succession of Alvarado, or in such form and manner that the court thinks right or proper, along with interest and costs in order that, in consideration of said payment and reimbursement, it may be declared and decreed that said litigious rights sold by the Alvarado Sucession to said Walter McK. Jones be canceled.

This state of facts does not bring the complainants and appellants within the provisions of section 1438 of the Civil Code in regard to a litigated credit. According to the appellants' own statement no controversy existed between them and the Succession of Alvarado as to the existence of the credit. They agreed that it was a debt in the nature of a mortgage. Appellee may be insisting that it is another thing, namely, overdue rental; but such assertion cannot relate back to the assigned thing and make it a litigated credit previous to its assignment. The litigation prior to the assignment had ceased to exist. The fact that appellee had filed a petition in the Federal Court invests the credit with no different special character. According to the complaint here such petition has never been notified to appellants nor does it appear that the Federal Court took any action on the petition of

said Jones.  Certainly the appellants have not answered the petition and a litigated credit does not arise according to section 1438 of the Civil Code until an answer has been filed. Section 1438 contemplates a dispute over a debt.  Here the dispute was not over a debt but over the nature of appellants' right to the property of which they were put in possession by Alvarado or his Succession.  The question was whether they possessed the estate as owners subject to a mortgage or were merely lessees.  The credit extended was not in controversy.  Appellants did not bring themselves within the letter or spirit of section 1438.

If, as appellants maintain, the answer in the present suit may be considered to show that the nature of the estate they possessed continued to be contested by the Alvarado Succession in the Federal Court, and that the judgment of the Federal Court did not settle the controversy, then in such event the complaint here would be subject to the objection of another suit pending.  Before the appellants would have a right to redeem they must prove their claim that the estate is one merely subject to a mortgage.  Such proof would be a condition precedent to the right to redeem, but the nature of the estate is confessedly the object of the Alvarado intervention and the present suit would be subject to the objection of *litis pendens.*

However, we do not think that the answer can be considered.  The absurdity of reading words into a complaint when it contains a different allegation is manifest.  The essential averment of the complaint relates to the nature of the estate and when a demurrer is interposed complainants must stand or fall by the averments of their complaint.  The cases cited by appellants, namely, 110 Cal., 169; 99 Cal., 259, and 113 Cal., 532, are only authorities to the fact that when a complainant has gone to trial and obtained a judgment, if the complaint should lack some averment that is supplied by the answer, the complaint, after such trial, is considered cured or aided by the answer.  Such a condition of things

amounts to a waiver or an estoppel. However that may be, where there is a demurrer to the complaint, pleadings only being involved, that complaint must be considered alone. A defendant has a right to be advised by the complaint what is the theory of the complainant's action. The complainant should by amendment or otherwise show to defendant on what facts he relies to prove his case.

The other principal contention of the appellants is that they have a right to redeem by virtue of section 1407 of the Civil Code. That section provides as follows:

"Section 1407. In the sale of real property, even though it may have been stipulated that in the absence of the payment of the price within the time agreed upon, the rescission of the contract shall take place by full right, the vendee may pay, even after the expiration of the period, as long as he has not been summoned either judicially or by a notarial act. After the suit has been instituted the judge cannot grant him a further period."

If the answer might be considered, it would show that there is a judicial summoning; but we are bound to take the complaint as it stands. We think the words "the vendee may pay" mean what they say. A payment or its equivalent must be made. The complaint alleges neither payment nor tender of payment. To bring themselves within the tenor of this section a consignation was necessary or at least an averment of tender and refusal. There was no such averment. The complaint, moreover, confines itself to offering to pay Jones what he paid to the Alvarado Succession, to become responsible for his undertakings, or such other sums as the court might determine. There was no offer to pay the original credit which was the thing that Jones acquired. The attitude and admission of the parties, moreover, demonstrates that they were relying on section 1438 and not on section 1407. The judgment must be affirmed.

*Affirmed.*

Chief Justice Hernández and Justices del Toro and Aldrey concurred.

Mr. Justice MacLeary signed stating that he concurred in the judgment, but not in the opinion on which it is based.

CONCURRING OPINION DELIVERED BY MR. JUSTICE MACLEARY.

In this case, while I agree with the judgment rendered, I cannot concur with the opinion in all its propositions. My principal ground of difference is in regard to the propriety of interposing verbal exceptions to the complaint. I think this is an improper practice which should not be encouraged even by implication. Demurrers like other pleadings in the district court should be in writing, and verbal demurrers should not be entertained. Section 118 of the Code of Civil Procedure provides that "every pleading must be subscribed by the party or his attorney." This would be impossible if the pleading were not in writing. No one can subscribe to oral statements. And section 135 of the Code of Civil Procedure states that "All pleadings subsequent to the complaint must be filed with the secretary, and copies thereof served upon the adverse party or his attorney." Of course, it would be impossible to comply with this section unless the demurrer as well as other pleadings should be in writing, and it is a general proposition that pleadings in the district court are always in writing. And section 109 of the Code of Civil Procedure does not contemplate a verbal exception or demurrer. It merely says: That an objection to the complaint, because it does not state facts sufficient to constitute a cause of action, is not waived because not filed in time— that is to say, such an exception can be filed at any time— but this section does not authorize exceptions of that nature to be made verbally. So it is that this error in entertaining a verbal demurrer is clear and would require the reversal of the judgment were it not for the provision of section 142 of the Code of Civil Procedure which states: "The court must, in every state of an action, disregard any error or defect in

the pleadings or proceedings which does not affect the substantial rights of the parties, and no judgment shall be reversed or affected by reason of such error or defect." Of course from its terms this statute applies as well to the Supreme Court as any other. Reversals on technicalities are not favored either in civil or criminal cases. (*People* v. *Cleminson,* 250 Ill., 135. Code of Criminal Procedure, sec. 145.)

Therefore, as I consider that this error or defect in the pleadings does not affect the substantial rights of the parties inasmuch as no objection was made thereto by the plaintiff, who is here the appellant, in my opinion we cannot on that account reverse the judgment of the court below. So under this view of the matter I concur in the judgment of affirmance though I must dissent, at least in part, from the opinion on which it rests.