[Civ. No. 1068.   Third Appellate District.—May 13, 1913.]

EDWARD L. JONES, Appellant v. THE BAY CITIES ELECTRIC COMPANY (a Corporation), et al., Respondents.

RESCISSION—NECESSITY OF PLACING IN STATU QUO.—Rescission is not allowable where the party demanding it cannot or does not restore the other party to the condition he would have been in but for the contract.

ID.—SALE OF AUTOMOBILE BUSINESS—RESCISSION IN TOTO.—Where one purchases a garage business and, as part of the same transaction, an automobile agency, he cannot, after having been in possession of the property and business for nine months, rescind the contract as to the agency and recover the money paid therefor, without returning the garage business.

APPEAL from a judgment taken on motion for nonsuit of the Superior Court of Alameda County.   J. D. Murphey, Judge presiding.

The facts are stated in the opinion of the court.

Henry Conlin, W. H. Chamberlain, and Walter R. Bacon, for Appellant.

Ezra W. Decoto, for Respondents.

CHIPMAN, P. J.—This is an action for the rescission of a contract and for damages for its breach. Defendants had judgment on motion for a nonsuit.

The following facts are alleged in the complaint: That, on July 20, 1910, plaintiff and defendant, Bay Cities Electric Company (hereinafter referred to as Bay Cities Company) entered into the contract attached to the complaint as exhibit "A"; that, about October 9, 1910, defendant, United Electric Vehicle Company (hereinafter referred to as the United Company) was incorporated and thereafter the Bay Cities Company transferred to its codefendant all its property of whatever nature, including all its interest in the contracts made and entered into by the Bay Cities Company and plaintiff, and the said United Company "carried on and conducted with plaintiff all the business and transactions done and had with plaintiff under and pursuant to said contracts and agreements"; that, at the time of making said contract, exhibit "A," said Bay Cities Company was engaged in the business of dealing in and handling automobiles, at No. 1554 Van Ness Avenue, in the city of San Francisco, and at the time owned, in said place of business, certain personal property, referred to in the complaint, which it used in conducting and carrying on said business; "that as part of the contract . . . exhibit 'A' . . . and as part of the consideration for making said contract, exhibit 'A,' plaintiff made and entered into a further agreement with said defendant whereby plaintiff" purchased from said defendant said personal property and paid defendant therefor "as a consideration for said personal property and for the good will of the business so as aforesaid carried on and conducted by said defendant and for the agency and exclusive right by plaintiff to sell and handle said Columbus electric automobiles, as in said contract exhibit 'A' provided, the sum of two thousand dollars"; that said contract for the purchase of said personal property was entered into on July 20, 1910, copy attached to the complaint as exhibit "B"; that at said time defendant Bay Cities Company was occupying said premises on Van Ness Avenue at a rental of forty dollars per month and as part of the consideration of said contract, exhibit "A," "plaintiff agreed to assume and did assume the payment of said rentals after said date and has paid therefor the sum of $360.00; that in carrying out said contract exhibit 'A' plaintiff incurred expense in advertising said Columbus electric automobiles the sum of $215.85"; that, relying upon the faithful performance by

defendants of said contract, exhibit "A," plaintiff has given his entire time to said business of selling and handling said automobiles and that the reasonable value of said services is one hundred and fifty dollars per month, amounting to one thousand three hundred and fifty dollars; that plaintiff has performed on his part all of the covenants of said contract, exhibit "A"; that, "on the 5th day of April, 1911, and ever since the defendants without just or other reason, . . . have expressly refused . . . to keep and perform any of the covenants . . . of said contract exhibit 'A,' by reason whereof plaintiff has been prevented from continuing the performance, since said date, of said contract on his part and will continue to be so prevented and will be deprived of the profits of said contract." It is further alleged that, on April 18, 1911, plaintiff notified defendants that because of said breach of said contract by defendants, as aforesaid, "plaintiff elected to and did rescind said contract, and offered to return to defendants all of the property and good will as aforesaid and everything of value received by plaintiff from defendants, pursuant to the terms of said contract, and duly tendered to said defendants the delivery and the possession of all of said property and everything of value received by plaintiff under said contract, and duly demanded of said defendants that defendants return to plaintiff said sum of $2,000.00 and pay to plaintiff the aforesaid sums for expenses incurred by him, for his time, labor and services as aforesaid, and plaintiff now offers to return said property and everything of value received by plaintiff from defendants pursuant to said contract, exhibit 'A' to said defendants." It is further averred that "by reason of the premises and of the wrongful acts and conduct of defendants in refusing to perform said contract as aforesaid, plaintiff is entitled to have and receive from defendants and there is due and owing to plaintiff by defendants the aforesaid sum of $2,000.00," and that he has been otherwise damaged by the said wrongful conduct of defendants in the sums aforesaid, amounting in all to $1,925.85; that plaintiff has received no benefits or profits from said contract other than the sum of $447, received as commissions on the sale of automobiles and plaintiff offers to credit said sum and deduct the same from said sum of $1,925.85; that notwithstanding plaintiff's said offer to return said property and everything

of value received by him, defendants have refused and still refuse to return to plaintiff said two thousand dollars and said sums so expended by plaintiff and refuse to pay plaintiff the value of plaintiff's time and services as aforesaid. Plaintiff prays the decree of the court rescinding said contract, exhibit ''A,'' and that plaintiff have judgment for the sum of two thousand dollars and also for the sum of $1,925.85, less $447, and for such further relief as to the court may seem meet.

Exhibit ''A,'' referred to in the complaint, is a contract dated July 20, 1910, between the Bay Cities Company, first party, and plaintiff, second party, in which it is recited that the Bay Cities Company has a contract with the Columbus Buggy Company, giving to the Bay Cities Company the exclusive right to sell Columbus electric automobiles in certain territory in California, including San Mateo County and the city and county of San Francisco; that under said contract the Bay Cities Company is authorized to contract with other parties giving to them the exclusive right to sell said automobiles in portions of said territory. ''Now therefore, in consideration of one dollar to each of the parties thereto (hereto?) paid by the other party, receipt of which is hereby acknowledged, and in further consideration of the benefits and advantages moving from each of the parties hereto to the other, it is hereby mutually agreed'': 1. Grants to second party the exclusive right to sell in the counties named above; 2. First party is to deliver automobiles to second party, or to any purchaser, upon payment by second party the cash price or in installments as may be agreed upon; delivery to be within a reasonable time after notice. 3. Second party is to have a twenty per cent discount on regular factory list price, in consideration for sales made by him. 4. Second party is not to sell automobiles in territory other than as above. 5. Second party not to sell automobiles that may conflict in style or in price with the Columbus machines, except where taken in exchange. 6. Price of machine as per list f. o. b. Columbus. 7. Delivery subject to strikes and unavoidable delays. 8. Contract expires November 1, 1911, but ''may be terminated at any time for good, reasonable and sufficient cause, or may be terminated otherwise by the second party giving to the first party written notice to that effect, such termination being

effective at the end of twenty days after such notice is served upon the first party," but shall not affect any sales then made "or contracted to be made by the second party, or the liability of second party to first party for any automobile already ordered by second party from first party."   9. The "contract and agency is personal to second party" and cannot be assigned without written consent of first party.

Exhibit "B" is a bill of sale of the same date, July 20, 1910, between the same parties, by which the Bay Cities Company conveyed to plaintiff certain personal property, as per schedule attached, including "1 model 1000 Columbus electric automobile. factory No. 1326," and also a large number of articles used in conducting the garage business and situated at the store on Van Ness Avenue as stated in the complaint, the consideration mentioned being ten dollars.

General and special demurrers were overruled and defendants answered: Admit the execution of the two contracts set out in the complaint but deny that the assignment of right therein to defendant United Company and deny that the United Company assumed or undertook to carry out said contract exhibit "A" or any of its obligations and deny that said company conducted any business with plaintiff; admit the execution of exhibit "B" but deny that "it was contemporaneous or in conjunction with the alleged contract exhibit 'A'" or was dependent thereon, or that it was part of the consideration for said contract exhibit "A," but was an independent and separate transaction "in no way connected with" contract exhibit "A"; deny the averments of the complaint respecting the various payments and expenses therein alleged to have been made and incurred by plaintiff; deny that plaintiff has faithfully or at all kept and performed the covenants of said agreement exhibit "A" or that he has been prevented from so doing by any breach or default of defendants; and in this connection aver "that plaintiff, ever since the 20th day of July, 1910, has neglected and still neglects to perform said alleged contract in this, that said Columbus electric automobiles are machines readily sold by the use of reasonable effort, and that plaintiff has failed and neglected to use such effort and that in the period after July 20, 1910, plaintiff has sold but two machines whereas by reasonable effort he could have sold ten"; deny that, on April 5, 1911, or at any time,

defendants or either of them has or have failed to perform any of the covenants of said contract, or have in any way prevented plaintiff from continuing in the performance of said contract; deny that plaintiff paid to defendants, or either of them, $2,000.00, or any sum, "for any benefits or rights arising out of the alleged contract exhibit 'A'"; deny that plaintiff offered to return said property as set forth in the complaint or made demand on defendants as therein alleged; deny any indebtedness to plaintiff for damages as alleged or otherwise in any sum whatever.

The grounds of the nonsuit were the following: 1. That exhibit "B," the bill of sale, is a contract fully executed and has so stood for nine months and rescission cannot be had of an executed contract; 2. Plaintiff is not entitled to rescind without returning before suit all that he has received under it; 3. The proof does not correspond with the allegations of the complaint; 4. The testimony does not show that plaintiff complied with the contract between himself and defendants; 5. It does not appear that plaintiff has made a sufficient tender to defendants to entitle him to rescind.

There is evidence tending to show: That the two contracts, exhibits "A" and "B," were parts of the same transaction and that the consideration paid ($2,000.00) entered into both. When these contracts were made the Bay Cities Company was conducting a garage business and at the same time was engaged in selling electric automobiles, having its principal place of business at Oakland with what might be called a branch at San Francisco on Van Ness Avenue; the garage business here conducted consisted of receiving, caring for, and repairing electric automobiles; connected with it there was kept what was called a demonstration car whose use was to explain the merits of the Columbus car and promote its sale; this machine was not necessary to the other branch of the business purchased by plaintiff, but was necessary if not indispensable to the successful management of the sales department of the business. Plaintiff testified that he paid the two thousand dollars "for the agency of the sale of the Columbus automobiles in San Francisco and San Mateo counties," but it also appeared from his testimony that this sum was to include the consideration paid for the garage business and equipment. The bill of sale enumerates all the articles but no value is car-

ried out against the items.   In the negotiation the seller esti-
mated the value of the demonstration car at one thousand four
hundred dollars, which is seven-tenths of the purchase price of
the agency and the personal property, and plaintiff testified
also that the sale included the good will of the Bay Cities Com-
pany, though not mentioned in the contracts.   The articles,
other than the demonstration car, of which there was a large
number, consisted of tools and implements used in charging
electric automobiles and in repairing them; also articles for
daily consumption, also articles of diminishing value by use,
some of them of small original cost, and these made up the
equipment of the garage.   Plaintiff's commission on sales of
cars was twenty per cent of the "regular factory list price,"
which is not shown, but, from bills rendered to plaintiff, it
would seem was about two thousand dollars.   But two cars
were sold during plaintiff's agency and in both cases the pur-
chasers were found by Mr. Vance, the secretary and manager
of both defendant companies.   The first sale was closed about
the latter part of March, 1911, and the other about the same
time.   It appeared that this second car had been sold to
Alfred Marcus, at San Mateo, and was delivered by the United
Company.   On March 28, 1911, the United Company rendered
a bill to plaintiff and requested payment.   On April 5, 1911,
the United Company wrote plaintiff as follows: "Not having
any reply to our demand for the payment of the amount due
on the model 1215 delivered to Mr. Marcus, we are compelled
to collect the amount due from Mr. Marcus direct and we have
asked him to hold the balance consisting of the amount due
us for the rectifier, one new tube and your commission.   This
letter will be notice to you that you have already broken the
terms of our contract with you in not paying for this car upon
its delivery and we hereby serve notice that we are no longer
considering you as the exclusive agent for Columbus Elec-
trics for San Francisco and San Mateo counties.   We would
advise you further to straighten up the matter of the Marcus
rectifier at a very early date and thus save yourself unneces-
sary trouble and expense.   Very Truly Yours, United Elec-
tric Vehicle Co., Per W. D. Vance."   It appeared that a
controversy arose, in the course of this Marcus sale, between
Mr. Vance and plaintiff concerning a rectifier that was to be
furnished with the car.   Marcus refused to pay for the car

without this rectifier and it was finally furnished and set up by plaintiff and Marcus paid for the car directly to United Company. We cannot go into the details of this dispute. Suffice it to say that plaintiff's explanation, which must be accepted as true on this motion for nonsuit, acquits him of blame for any delay in the matter and shows that he received one hundred dollars less than he was entitled to by reason of being compelled to furnish at his own cost a rectifier different from that which Vance represented to him would be satisfactory to Marcus. Following the letter of April 5, 1911, plaintiff, on the eighteenth of that month, served his written notice of rescission, directed to United Electrical Vehicle Co., and, on April 26, 1911, filed the complaint in the action. No notice was served on the Bay Cities Company.

There was evidence sufficient to warrant the inference that the United Company, upon its organization, succeeded to the rights of the Bay Cities Company and, so far as the duty to perform the obligations of the Bay Cities Company in respect of the contract exhibit "A" is concerned, plaintiff had the right to look to the United Company. The premises on Van Ness Avenue were, at the time of the sale, occupied by the Bay Cities Company, and, by agreement with the agent, plaintiff went into possession and thereafter paid the rentals. Plaintiff testified that after serving notice of rescission he continued to operate the garage and to demonstrate the Columbus automobile and was, at the time of the trial, September 28, 1911, in possession of the premises and carrying on the garage business the same as he had previously been doing. The evidence was that the garage business was earning about one hundred dollars per month when plaintiff bought it and continued, to the day of the trial, to bring in about that amount monthly. Plaintiff, however, sold no more automobiles and there is no evidence or averment in the complaint that any more were sold or could have been sold, in the counties named, after April, 1911. In his notice of rescission plaintiff offered to deliver possession of the personal property embraced in contract "B" at the Van Ness Avenue premises and that he would hold the property subject to defendants' order and at their expense until delivery; he also made demand for the two thousand dollars paid defendants as consideration; also demanded reimbursement for expenses in advertising and exhibiting said

automobile, one hundred and fifty dollars and sixty-five dollars and eighty-five cents; also rent of building for nine months, three hundred and sixty dollars; also for time and labor, one thousand three hundred and fifty dollars, making in all $3,925.85, ''and I offer to credit you with and deduct from the above the sum of $447.00 representing the net commissions received by me as the agent for the sale of said automobiles under the terms of said contract.''

Appellant contends that the sale of the garage business and equipment had no relation to the agency contract and that whatever he did in operating the garage ''was a matter entirely outside of the scope of the agency contract, and wholly personal to the plaintiff.'' Defendants contend, on the other hand, that ''the purchase of the garage business was the main contract and the agency only a side incident, valued by the Bay Cities Electric Company at nothing.''

Plaintiff's conduct in seeking to rescind was inconsistent with his contention, for, if the garage business was a matter entirely distinct from the agency, Why did he think it necessary to offer to return the property conveyed by that contract in his attempted rescission? There must have been some relation between the two contracts. The testimony of plaintiff showed very clearly that the two thousand dollars paid by him was the consideration entering into both contracts and that they were parts of but one transaction.

It is, perhaps, unnecessary to consider the relative value of the two contracts. The evidence was that the garage, during the nine months up to April 5, 1911, was earning about one hundred dollars per month and in that time plaintiff's commission for the sale of automobiles, he states in his notice, amounted to $447, net. But whatever the relative earnings were under the two contracts, if defendants' breach was such as to justify rescission and the broken covenant could not be readily compensated in damages, or if defendants' default made performance by plaintiff impossible, it was plaintiff's duty first to place defendants ''pretty nearly in the position'' they were in ''before the contract was entered into.'' (*Fountain* v. *Semi-Tropic Co.*, 99 Cal. 677, [34 Pac. 497].) Where a party cannot or does not restore the other party to the condition he would have been in but for the contract, rescission

is not allowable.    (*Merrill* v. *Merrill,* 103 Cal. 287, 291, [35 Pac. 768, 37 Pac. 392].)

It seems to us that the facts present a case where full compensation can be had in an action for damages.    But if this be not true, we are of the opinion that the evidence fails to show that plaintiff offered to or in fact could restore defendants to the same or "pretty nearly the position" they were in before the contracts were entered into.    His offer was to return the articles scheduled in contract exhibit "B," making no allowance for deterioration and loss in the nine months' use which, as to the automobile, not to speak of other articles, must have been considerable, and plaintiff was not able to testify that he still had in his possession all the articles.    His offer as to the $447 commissions from the agency was to credit the net amount (not the full amount) on the damages, payment of which he demanded in his notice of rescission.    He offered "to deliver up possession of the personal property at the Van Ness Avenue premises, but did not offer to restore the possession of the premises to defendants as tenants.    He made no offer to account to defendants for the earnings of the garage while at the same time demanding payment for his time, expenses, and rentals of the premises occupied by him.    Regarding, as we do, both contracts as one transaction, plaintiff's duty was to make full restoration of everything of value received by him under both contracts.    It was not sufficient to offer to return the personal property received by him.    Plaintiff testified that he purchased the good will of the business, and, while it may be that such element of the contract was incapable of restoration and need not to have been restored, it lends some force to defendants' contention that it was impossible for plaintiff to return a running business after plaintiff had retained it and carried it on for nine months.    Then, too, there is reason in defendants' contention that plaintiff did not in fact rescind the contracts because he continued the garage business and was engaged in it at the time of the trial and also, as he testified, he continued to solicit sales of the Columbus electric automobile.    It was not necessary, for the preservation of the property, that this should have been done. The evidence was that the property could have been stored at a small cost.

It may be that the averments of the complaint are sufficient to constitute a cause of action at law for damages. But appellant makes no such suggestion. He relies entirely on the sufficiency of the evidence to constitute a *prima facie* case for rescission. In this we think appellant was not successful.

The judgment is affirmed.

Hart, J., and Burnett, J., concurred.